# COMMONWEALTH OF MASSACHUSETTS

Hampshire, ss

**Superior Court**
**Civil Action No. 19cv019**

## CERTIFICATION

I , Harry Jekanowski, Jr., Clerk of the Superior Court for the County of Hampshire do hereby certify that the attached is a true copy of the entire file and docket entries..

Jane Doe I and Jane Doe II

vs.

City of Northampton, et als



Witness my hand and the seal of the Superior Court Department of the Trial Court this11th day of March 2019

Harry Jekanowski, Jr.
Clerk/Magistrate

**COMMONWEALTH OF MASSACHUSETTS**
HAMPSHIRE COUNTY
Public Docket Report

### 1980CV00019 Doe, I, Jane et al vs. City of Northampton et al

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Actions Involving the State/Municipality | **FILE DATE:** | 01/29/2019 |
| **ACTION CODE:** | AB1 | **CASE TRACK:** | A - Average |
| **DESCRIPTION:** | Tortious Action involving the Commonwealth, Municipality, MBTA, etc. | | |
| **CASE DISPOSITION DATE** 03/11/2019 | | | |
| **CASE DISPOSITION:** | Transferred to another Court | **CASE STATUS:** | Closed |
| **CASE JUDGE:** | | **STATUS DATE:** | 03/11/2019 |
| | | **CASE SESSION:** | Civil A |

| PARTIES |
|---|

| | |
|---|---|
| **Plaintiff**<br>Doe II, Jane | **Attorney** 315870<br>Michael G Malkovich<br>Xanthakos & Malkovich<br>Xanthakos & Malkovich<br>43 Center St  Suite 101<br>Northampton, MA 01060<br>Work Phone (413) 584-2764<br>Added Date: 01/29/2019 |
| | **Attorney** 536050<br>Stella Electra Xanthakos<br>Xanthakos & Malkovich<br>Xanthakos & Malkovich<br>43 Center St<br>Northampton, MA 01060<br>Work Phone (413) 584-2764<br>Added Date: 01/29/2019 |
| **Plaintiff**<br>Doe, I, Jane | **Attorney** 315870<br>Michael G Malkovich<br>Xanthakos & Malkovich<br>Xanthakos & Malkovich<br>43 Center St  Suite 101<br>Northampton, MA 01060<br>Work Phone (413) 584-2764<br>Added Date: 01/29/2019 |
| | **Attorney** 536050<br>Stella Electra Xanthakos<br>Xanthakos & Malkovich<br>Xanthakos & Malkovich<br>43 Center St<br>Northampton, MA 01060<br>Work Phone (413) 584-2764<br>Added Date: 01/29/2019 |
| **Defendant**<br>Bagdon, Brian | |


**Defendant**
Bianca, Principal (formerly Assistant Principal),
Joseph

**Defendant**
Board of Trustees of Smith Vocational High School

**Defendant**
Brown, Kevin

**Defendant**
City of Northampton

**Defendant**
Does I-V, John

**Defendant**
Does, Mary

**Defendant**
Hanlon, Cody

**Defendant**
Linkenhoker, Superintendent, (formerly principal),
Andrew

| FINANCIAL DETAILS | | | | |
|---|---|---|---|---|
| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
| 01/29/2019 | Civil Filing Fee (per Plaintiff) Receipt: 5626 Date: 01/29/2019 | 480.00 | 480.00 | 0.00 | 0.00 |
| 01/29/2019 | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 5626 Date: 01/29/2019 | 20.00 | 20.00 | 0.00 | 0.00 |
| 01/29/2019 | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 5626 Date: 01/29/2019 | 15.00 | 15.00 | 0.00 | 0.00 |
| 01/29/2019 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b Receipt: 5626 Date: 01/29/2019 | 25.00 | 25.00 | 0.00 | 0.00 |
| | **Total** | **540.00** | **540.00** | **0.00** | **0.00** |

CRTR2709-CR



# COMMONWEALTH OF MASSACHUSETTS
## HAMPSHIRE COUNTY
### Public Docket Report

| | | INFORMATIONAL DOCKET ENTRIES | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 01/29/2019 | | Attorney appearance<br>On this date Stella Electra Xanthakos, Esq. added for Plaintiff Jane Doe, I | |
| 01/29/2019 | | Attorney appearance<br>On this date Michael G Malkovich, Esq. added for Plaintiff Jane Doe, I | |
| 01/29/2019 | | Attorney appearance<br>On this date Stella Electra Xanthakos, Esq. added for Plaintiff Jane Doe II | |
| 01/29/2019 | | Attorney appearance<br>On this date Michael G Malkovich, Esq. added for Plaintiff Jane Doe II | |
| 01/29/2019 | | Case assigned to:<br>DCM Track A - Average was added on 01/29/2019 | |
| 01/29/2019 | 1 | Original civil complaint filed. | |
| 01/29/2019 | 2 | Civil action cover sheet filed. | |
| 01/29/2019 | 3 | Plaintiff Jane Doe, I's EX PARTE Motion to<br>proceed under Jane Doe I and Jane Doe II Pseudonyms | |
| 01/29/2019 | | Endorsement on Motion to proceed under pseudonyms (#3.0): ALLOWED<br><br>Judge: Ford, Hon. Daniel | Ford |
| 03/06/2019 | 4 | Defendant City of Northampton's Notice of<br>filing of notice of removal with the U.S. District Court | |
| 03/11/2019 | 5 | Notice of Removal to the United States District Court filed by<br><br>Applies To : City of Northampton (Defendant)<br><br>Case removed to U.S. District Court.  Certified copies mailed to Attorney<br>Frankel Pelletier. | |
| 03/11/2019 | | Case transferred to another court. | |



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

CIVIL ACTION NO. 3:19-CV-30027

JANE DOE I AND JANE DOE II,
    Plaintiffs )
)
)
vs. )
)
)
CITY OF NORTHAMPTON, )
BOARD OF TRUSTEES OF SMITH )
VOCATIONAL HIGH SCHOOL, )
ANDREW LINKENHOKER, )
SUPERINTENDENT, (FORMERLY PRINCIPAL), )
JOSEPH BIANCA, PRINCIPAL, )
(FORMERLY ASSISTANT PRINCIPAL), )
KEVIN BROWN, BRIAN BAGDON )
    Defendants )

*I hereby certify on 3/5/19 that the foregoing document is true and correct copy of the*
☐ *electronic docket in the captioned case*
☐ *electronically filed original filed on*
☑ *original filed in my office on 3/1/19*

*Robert M. Farrell*
*Clerk, U.S. District Court*
*District of Massachusetts*

*By:* _____
*Deputy Clerk*

## NOTICE OF REMOVAL

NOW COMES the defendant, City of Northampton (hereinafter "Petitioner"), by its attorneys, and pursuant to 28 U.S.C. § 1441, *et seq.* states as follows:

1. The Petitioner exercises its rights under the provisions of 28 U.S.C. § 1441, *et seq.*, to remove this action from the Superior Court, Department of the Trial Court, Commonwealth of Massachusetts, Hampshire County, in which this case is now pending under the name and style: *Jane Doe 1, et al. vs. City of Northampton et al.,* Civil Action No. 1980CV00019.

2. This is an action in which the district courts of the United States have been given original jurisdiction in that it arises under the laws of the United States as provided in 28 U.S.C. § 1331.

HAMPSHIRE SUPERIOR COURT

MAR 1 1 2019

HARRY JEKANOWSKI, JR.

629878

Case 3:19-cv-30027-MGM   Document 5   Filed 03/14/19   Page 6 of 70
Case 3:19-cv-30027-MGM   Document 1   Filed 03/01/19   Page 2 of 3

Page 2 of 3

3.  This action was filed on or about January 29, 2019.  Petitioner became aware of the filing of the Complaint in the above-captioned action by and through counsel, who obtained a copy of same on February 8, 2019.  In accordance with the requirements of 28 U.S.C. § 1446, this Notice of Removal is filed within thirty (30) days after the receipt by Petitioner of the complaint in the above-captioned action.

4.  Pursuant to 28 U.S.C. § 1446, the Petitioner is filing contemporaneously with this Notice of Removal copies of the following obtained by it in this action (attached hereto as Exhibits 1 and 2, respectively):

    1.  Plaintiffs' Complaint; and

    2.  Superior Court, Department of the Trial Court, Commonwealth of Massachusetts, Civil Action Cover Sheet.

5.  Based on the foregoing, the Petitioner respectfully requests that this action be removed from the Superior Court, Department of the Trial Court, Commonwealth of Massachusetts, Hampshire County, to the United States District Court for the District of Massachusetts, Western Division, the District and Division where the action is pending.

6.  Written notice of the filing of this Notice will be given to the adverse party.

7.  A copy of this petition will be filed with the clerk of the Superior Court Department, Hampshire County.

629878

WHEREFORE, the Petitioner respectfully requests that this action be removed to this Court and that this Court accept jurisdiction of this action and that this action be placed on the docket of this Court for further proceedings, as though this action had originally been instituted in this Court.

Respectfully Submitted,

THE DEFENDANT,
CITY OF NORTHAMPTON,

Dated:  March 1, 2019

By_____*/s/ Nancy Frankel Pelletier*_____
Nancy Frankel Pelletier, Esq.
BBO # 544402
    npelletier@robinson-donovan.com
    Direct Fax (413) 452-0389
David S. Lawless, Esq.
BBO # 664754
    dlawless@robinson-donovan.com
    Direct Fax (413) 452-0370
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants** on this 1st day of March 2019.

Stella Xanthakos, Esq.
Michael G. Malkovich, Esq.
Xanthakos & Malkovich
43 Center St.
Northampton, MA 01060

*/s/ Nancy Frankel Pelletier*_____
Nancy Frankel Pelletier, Esq.
David S. Lawless, Esq.

629878



# EXHIBIT 1

COMMONWEALTH OF MASSACHUSETTS

HAMPSHIRE, SS.                                    SUPERIOR COURT
                                                 DOCKET NO.


JANE DOE I AND JANE DOE II,

        Plaintiffs

v.

CITY OF NORTHAMPTON,
BOARD OF TRUSTEES OF SMITH
      VOCATIONAL HIGH SCHOOL,
ANDREW LINKENHOKER, SUPERINTENDENT,
      (formerly PRINCIPAL),
JOSEPH BIANCA, PRINCIPAL,
      (formerly ASSISTANT PRINCIPAL),
KEVIN BROWN,
BRIAN BAGDON,
CODY HANLON, and
MARY DOES AND JOHN DOES I-V,

        Defendants

HAMPSHIRE SUPERIOR COURT

JAN 2 9 2019

HARRY JEKANOWSKI, JR
CLERK/MAGISTRATE

---

Introduction

1. Plaintiff Jane Doe I is an individual who is a former student at Smith Vocational High School.

2. Plaintiff Jane Doe II is an individual and is the mother of Jane Doe I.

3. Defendant City of Northampton is a municipal corporation whose principal place of business is in Northampton, Massachusetts, responsible for the funding and operation of Smith Vocational High School.

4.  Defendant Board of Trustees of Smith Vocational High School is a school committee authorized by the laws of the Commonwealth to operate, manage and govern the Smith Vocational High School.

5.  Defendant Andrew Linkenhoker is the Superintendent and, at times relevant to this action, was the Principal of Smith Vocational High School.

6.  Defendant Joseph Bianca is the Principal and, at times relevant to this action, was the Assistant Principal of Smith Vocational High School.

7.  Defendant Brian Bagdon, at times relevant to this action, was employed by Smith Vocational High School as its varsity wrestling coach.

8.  Defendant Kevin Brown, at times relevant to this action, was a Security Officer for Smith Vocational High School.

9.  Defendant Cody Hanlon is an individual who is a former student at Smith Vocational High School.

10. Mary and John Does I-V are individuals whose conduct has not yet been fully identified who contributed to the harm to the plaintiffs.

11. Plaintiffs timely and duly served presentment letters pursuant to M.G.L. Chapter 258, Section 4 on defendants City of Northampton and the Trustees of Smith Vocational High School.

12. This court has jurisdiction pursuant to M.G.L. Chapter 212, Section 3.

<u>Summary of Facts</u>

13. On or about January 30, 2016, the plaintiff, Jane Doe I, was 15 years old and participated with the Smith Vocational High School wrestling team at a wrestling tournament.

14. The wrestling team was transported to the meet in a small school bus provided by Smith Vocational High School, and the bus was operated by defendant Brian Bagdon, the coach of the wrestling team.

15. While returning on the bus from the wrestling meet, plaintiff Jane Doe I, who was 15 years old, was sexually assaulted by defendant Corey Hanlon in the bus, within view of the other members of the wrestling team, and in close proximity to defendant Bagdon.

16. Neither Coach Bagdon nor a chaperone (name unknown) intervened to stop the sexual assault or to protect the plaintiff.

17. The incident came to the attention of defendants Joseph Bianca, Vice Principal, Andrew Linkenhoker, Principal, and Kevin Brown, Security Officer of Smith Vocational High School, and rather than conducting a proper investigation and taking appropriate actions to protect and support plaintiff Jane Doe I, they characterized the incident as inappropriate sexual actions and treated the plaintiff as being at fault.

18. Defendants Bianca and Brown interrogated the plaintiff in the presence of other school personnel, castigated her for the incident, and issued a two day out of school suspension.

19. Prior to the incident, defendants Bianca and Linkenhoker were aware that the plaintiff was experiencing emotional and psychological issues.

20. Following the incident, rather than providing emotional support and intervention for the plaintiff, defendants Bianca, Linkenhoker, and Brown treated the plaintiff as a disciplinary problem and treated her differently from the male perpetrator of the sexual assault.

21. When information about the sexual assault circulated at the school, the plaintiff became the target of bullying and harassment by other students.

22. Despite knowledge of this harassment by other students, defendants Bianca, Linkenhoker, Brown, and other agents and employees of Smith Vocational High School failed to properly intervene to protect the plaintiff.

23. Information about the incident was disseminated among the teachers and staff of Smith Vocational High School, and the plaintiff felt disapproval from her teachers and others.

24. As result of the hostile environment that developed within the high school, the plaintiff suffered severe emotional distress, which began to have a significant negative impact on her social and academic performance.

25. As the plaintiff's performance and emotional health deteriorated at the school, rather than address her emotional needs related to the sexual assault, defendant Bianca issued more disciplinary actions and denied the plaintiff participation in extracurricular activities.

26. As a result of the sexual assault, the hostile environment in the school created by the bullying and harassment by other students, the plaintiff's emotional difficulties, and the interference with her academic and athletic participation at the school, the plaintiff became despondent, depressed, and severely emotionally distressed.

27. The actions of defendants Bianca, Linkenhoker, and Brown directly interfered with the plaintiff's participation in school activities, caused the plaintiff to suffer harassment and abuse by other students, and deprived her of the opportunity to pursue her education.

28. Rather than treating Jane Doe I as the victim of a crime, Bianca criticized her and suggested she was at fault in speaking with Jane Doe I, and made inappropriate and disparaging comments about Jane Doe I to her mother, Jane Doe II.

29. Jane Doe I eventually transferred to another school, and agents of Smith Vocational High School caused additional harm by forwarding private (disciplinary) records to her new school, which included that the plaintiff had engaged in inappropriate sexual conduct.

### Count I: Negligence - Board of Trustees of Smith Vocational High School
### M.G.L., c. 258, s 2

30. The plaintiffs incorporate by reference paragraphs 1 through 29 above, and make them a part hereof.

31. Defendant Trustees of Smith Vocational High School negligently hired Brian Bagdon as a coach for the wrestling team and negligently failed to establish procedures, protocols, and/or guidelines and to properly train him to protect the students under his supervision as the coach of the wrestling team.

32. Brian Bagdon, as coach of the wrestling team and an agent of defendant, Smith Vocational High School, negligently failed to monitor and control the students under his care and supervision during travel from a wrestling tournament, and as a result, the plaintiff was sexually assaulted and suffered extreme physical and emotional distress.

33. Andrew Linkenhoker, as Principal of Smith Vocational High School and an agent of defendant Board of Trustees of Smith Vocational High School, negligently hired Brian Bagdon as a coach for the wrestling team, negligently failed to establish procedures and guidelines and to properly train him to protect the students under his supervision, and negligently failed to monitor his performance as a coach.

34. Linkenhoker, as an agent of the Board of Trustees of Smith Vocational High School, negligently failed to investigate the plaintiff's assault, negligently castigated and disciplined the

plaintiff, rather than recognizing that she was a victim of sexual assault, negligently failed to provide appropriate emotional support and intervention to protect her from the hostile environment at the school, and negligently deprived her of a suitable educational environment.

35.   Joseph Bianca, as Vice Principal of Smith Vocational High School and an agent of the Board of Trustees of Smith Vocational High School, negligently hired Brian Bagdon as a coach for the wrestling team, negligently failed to establish procedures and guidelines and to properly train him to protect the students under his supervision, and negligently failed to monitor his performance as a coach.

36.   Bianca negligently failed to investigate the plaintiff's assault, negligently castigated and disciplined the plaintiff rather than recognizing that she was a victim of sexual assault, negligently failed to provide appropriate emotional support and intervention to protect her from the hostile environment at the school, and negligently deprived her of a suitable educational environment.

37.   Kevin Brown, as the Security Officer of Smith Vocational High School and an agent of the Board of Trustees of Smith Vocational High School, negligently failed to investigate the plaintiff's assault, negligently castigated and disciplined the plaintiff rather than recognizing that she was a victim of sexual assault, negligently failed to provide appropriate emotional support and intervention to protect her from the hostile environment at the school, and negligently deprived her of a suitable educational environment.

38.   As a direct and proximate result of the negligence of defendant, the Board of Trustees of Smith Vocational High School, through its agents, the plaintiff was sexually assaulted, subjected to unjustified accusations, demeaned by staff, harassed by fellow students, and forced to endure a

hostile environment at school, and suffered extreme emotional and physical distress, including but not limited to severe depression, isolation, suicidal ideation, and loss of educational opportunities, and required psychiatric treatment.

## Count II: Negligence - City of Northampton
## M.G.L. c.258, s.2

39. The plaintiffs incorporate by reference paragraphs 1 through 38 above, and make them a part hereof.

40. Defendant City of Northampton, as the municipal authority under which Smith Vocational High School provides education to citizens of Northampton, and as the entity providing funds and supervision for the education of students at Smith Vocational High School, is responsible for the actions of its agents, employees of Smith Vocational High School, in providing such educational services.

## Count III: 42 U.S.C. § 1983 - Andrew Linkenhoker

41. The plaintiffs incorporate by reference paragraphs 1 through 40 above, and make them a part hereof.

42. At all times relevant to this action, defendant Andrew Linkenhoker was acting under color of state law.

43. Defendant Linkenhoker, as Principal of Smith Vocational High School, had a duty to conduct a proper investigation into the sexual assault of the plaintiff, a duty to recognize a 15-year-old would be a victim pursuant to Massachusetts law, a duty to provide emotional support and protection within the school environment, and a duty to protect the plaintiff's federal and

state due process rights and equal protection with respect to imposing discipline and protecting

the plaintiff's right to education;

44. Defendant Linkenhoker deprived Jane Doe I of her constitutional rights to equal protection,

including but not limited to treating the plaintiff, Jane Doe I, differently from the male

perpetrator of the sexual assault.

45. Linkenhoker deprived the plaintiff of her constitutionally protected due process rights by

imposing discipline on the plaintiff, despite the fact that she was the victim of a sexual assault,

and depriving her of the right to pursue her education without interference.

46. Linkenhoker, intentionally, willfully and without justification, deprived the plaintiff of her

rights, privileges, and immunities secured to her by the Constitution and the laws of the United

States, including, but not limited to, her rights to equal protection of law and due process rights

to her obtaining education free from interference.

47. As a result of the violation of her rights, the plaintiff suffered extreme emotional and

physical distress and loss of education opportunity.

### Count IV: 42 U.S.C. § 1983 - Joseph Bianca

48. The plaintiffs incorporate by reference paragraphs 1 through 47 above, and make them a part

hereof.

49. At all times relevant to this action, defendant Joseph Bianca was acting under color of state

law.

50. Defendant Bianca, as Vice Principal of Smith Vocational High School, had a duty to conduct

a proper investigation into the sexual assault of the plaintiff, a duty to provide emotional support

and protection within the school environment and to protect the plaintiff's federal and state due process rights with respect to imposing discipline and protecting the plaintiff's right to education.

51. Defendant Bianca deprived the plaintiff, Jane Doe I, of her constitutional rights to equal protection, including but not limited to treating Jane Doe I differently from the male perpetrator of the sexual assault.

52. Bianca deprived the plaintiff of her constitutionally protected due process rights by imposing discipline on the plaintiff, despite the fact that she was the victim of a sexual assault, and depriving her of the right to pursue her education without interference.

53. Bianca, intentionally, willfully and without justification, deprived the plaintiff, of her rights, privileges and immunities secured to her by the Constitution and the laws of the United States, including, but not limited to, her rights to equal protection of law and due process rights to her obtaining education free from interference.

54. As a result of the violation of her rights, the plaintiff suffered extreme emotional and physical distress and loss of education opportunity.


Count V: 42 U.S.C. § 1983 - Kevin Brown

55. The plaintiffs incorporate by reference paragraphs 1 through 54 above, and make them a part hereof.

56. At all times relevant to this action, defendant Kevin Brown was acting under color of state law.

57. Defendant Brown, as the Security Officer of Smith Vocational High School, had a duty to conduct a proper investigation into the sexual assault of the plaintiff, a duty to provide emotional

support and protection within the school environment, and a duty to protect the plaintiff's federal and state due process rights with respect to imposing discipline and protecting the plaintiff's right to education.

58.  Brown deprived the plaintiff of her constitutionally protected rights by imposing discipline on the plaintiff, despite the fact that she was the victim of a sexual assault, and depriving her of the right to pursue her education without interference.

59.  Brown, intentionally, willfully and without justification, deprived the plaintiff, of her rights, privileges and immunities secured to her by the Constitution and the laws of the United States, including, but not limited to, her rights to equal protection of law and due process rights to her obtaining education free from interference.

60.  As a result of the violation of her rights, the plaintiff suffered extreme emotional and physical distress and loss of education opportunity.

## Count VI: Assault - Cody Hanlon

61.  The plaintiffs incorporate by reference paragraphs 1 through 60 above, and make them a part hereof.

62.  Defendant Cody Hanlon assaulted the plaintiff, by putting her in fear and apprehension of an indecent, sexual assault.

63.  As a direct and proximate result of defendant Hanlon's assault, the plaintiff suffered damages, including, but not limited to, fear and extreme emotional distress.

## Count VI: Battery - Cody Hanlon

64. The plaintiffs incorporate by reference paragraphs 1 through 63 above, and make them a part hereof.

65. Defendant Cody Hanlon sexually assaulted and battered the plaintiff, by engaging in non-consensual sexual contact.

66. As a direct and proximate result of defendant Hanlon's sexual battery, the plaintiff suffered damages, including, but not limited to, extreme emotional distress, physical injury, embarrassment, and other damages.

<u>Count VI: Intentional Infliction of Emotional Distress - Cody Hanlon</u>

67. The plaintiffs incorporate by reference paragraphs 1 through 66 above, and make them a part hereof.

68. Defendant Hanlon willfully and intentionally subjected the plaintiff to extreme and outrageous conduct by sexually assaulting her, knowing that the assault would cause extreme emotional distress.

69. As a direct and proximate result of defendant Hanlon's conduct, the plaintiff suffered damages, including, but not limited to, extreme emotional distress, physical injury, embarrassment, and other damages.

<u>Count VII: Negligent Infliction of Emotional Distress -
Board of Trustees of Smith Vocational High School -
M.G.L. c. 258, s. 2</u>

70. The plaintiffs incorporate by reference paragraphs 1 through 69 above, and make them a part hereof.

71.  Plaintiff Jane Doe II attempted to intervene to protect her daughter from the hostile environment in the school, the unjustified disciplinary actions taken against her daughter, and the extreme emotional distress her daughter was suffering as a result of the assault and her daughter's fragile mental and emotional state.

72.  Defendants Linkenhoker, Bianca, and Brown, as agents of the Trustees of Smith Vocational High School, negligently accused plaintiff Jane Doe II's daughter of initiating the sexual assault and demeaned her daughter's character concerning the incident and her daughter's mistreatment at Smith Vocational High School.

73.  The statements of defendant Linkenhoker, Bianca, and Brown were untrue, and constituted extreme and outrageous conduct, which the defendants knew, or should have known, would cause severe emotional distress to plaintiff Jane Doe II.

74.  As a result of defendants Linkenhoker, Bianca, and Brown, plaintiff Jane Doe II suffered extreme emotional distress, embarrassment, depression, and other damages.


### Count VIII: Loss of Consortium - Board of Trustees of Smith Vocational High School - M.G.L. c. 258, s. 2

75.  The plaintiffs incorporate by reference paragraphs 1 through 74 above, and make them a part hereof.

76.  As a direct and proximate result of the negligent conduct of Andrew Linkenhoker, Joseph Bianca, and Kevin Brown, the plaintiff, Jane Doe II, suffered the loss of consortium of her daughter, Jane Doe I.

77.  The severe harm caused by the conduct by the defendants towards Jane Doe I resulted in Jane Doe II suffering the loss of support, love, comfort, and companionship of her daughter.

<u>Count IX: Defamation – Joseph Bianca, Mary and John Does I-V,</u>
<u>and Board of Trustees of Smith Vocational High School</u>

78. The plaintiffs incorporate by reference paragraphs 1 through 77 above, and make them a part hereof.

79. The defendant Bianca and other defendants made slanderous comments regarding the morality of Jane Doe I, allowed statements in her record to include that she had been involved in inappropriate sexual activity, and disseminated those records to another institution.

80. Jane Doe I was 15 years old and was the victim of sexual assault, but was characterized as responsible for the rape which took place on the school bus.

81. As a direct result of the slanderous and libelous comments, Jane Doe I suffered harm to her reputation and was subject to ridicule.

<u>Prayer For Relief</u>

WHEREFORE, the plaintiffs respectfully request judgment in favor of plaintiff Jane Doe I, on Counts I, II, III, IV, V, VI, and IX, and in favor of plaintiff Jane Doe II on Counts VII and VIII.

Respectfully Submitted,
Jane Doe I and Jane Doe II
By Their Attorneys,

*1/29/19*

Stella Xanthakos, Esquire
BBO No. 536050
Michael Malkovich
BBO No. 315870
Xanthakos & Malkovich
43 Center Street - Suite 101
Northampton, MA 01060
Tel. (413) 584-2764

## JURY DEMAND

The plaintiffs respectfully request a jury trial on all so triable issues.

Stella Xanthakos, Esquire



# EXHIBIT 2

2

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts |
| --- | --- | --- |
| | | The Superior Court |

**PLAINTIFF(S):** Jane Doe I, Jane Doe II

**ADDRESS:**

**COUNTY**
Hampshire

**DEFENDANT(S):** City of Northampton, Board of Trustees of Smith Vocational High School

Andrew Linkenhoker, Superintendent, (formerly Principal), Kevin Brown, Brian Bagdon,

Cody Hanlon, and Mary Does and John Does I-V

**ATTORNEY:** Stella Xanthakos and Michael Melkovich

**ADDRESS:** 43 Center St, - Suite 101, Northampton, MA 01060

Phone: (413) 584-2764

**ADDRESS:** City Hall, 210 Main Street, Northampton, MA 01060

**BBO:** 636060; 315870

---

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
| --- | --- | --- | --- |
| AB1 | Tortious Action | A | ☒ YES ☐ NO |

*If "Other" please describe: Involving Commonwealth/Municipality

---

**STATEMENT OF DAMAGES PURSUANT TO G.L. c, 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:

HAMPSHIRE SUPERIOR COURT

1. Total hospital expenses ............................................................. $ 28,639.00+
2. Total doctor expenses ............................................................... $ 2,539.00+
3. Total chiropractic expenses ...................................................... $
4. Total physical therapy expenses ............................ JAN 2 9 2019 .... $
5. Total other expenses (describe below) ................................................. $

Subtotal (A): $ 30,178.00+

B. Documented lost wages and compensation to date ...... HARRY JEKANOWSKI, JR. ..... $

C. Documented property damages to dated ...................... CLERK/MAGISTRAT ........ $

D. Reasonably anticipated future medical and hospital expenses ............................. $ 10,000.00+

E. Reasonably anticipated lost wages .................................................................. $

F. Other documented items of damages (describe below) ...................................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Doe I was sexually assaulted on a school bus when she was 15 years old and suffered extreme emotional distress. She was

hospitalized for several days. Doe II (mother of Doe I) suffered extreme emotional distress related to her daughter's condition

**TOTAL (A-F):$** 41,178.00+

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

**TOTAL: $**

Signature of Attorney/Pro Se Plaintiff: X _[signature]_       Date: 1/29/19

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

---

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _[signature]_       Date: 1/29/19

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jane Doe I and Jane Doe II

**DEFENDANTS**
City of Northampton, Board of Trustees of Smith Vocational High School, Andrew Linkenhoker, Superintendent, et al.

**(b)** County of Residence of First Listed Plaintiff    HAMPDEN
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stella Xanthakos, Esq., Michael Malkovich, Esq.
Xanthakos & Malkovich, 43 Center St., Suite 101, Northampton, MA 01060 / Tel: 413-584-2764

Attorneys *(If Known)*
Nancy Frankel Pelletier, Esq., BBO No.: 544402
Robinson Donovan, P.C., 1500 Main St., Suite 1600, Springfield, MA 01115 / Tel: 413-732-2301

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |    Liability   ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &    Slander    Pharmaceutical    Personal Injury | | ☐ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |    Liability   ☐ 368 Asbestos Personal ☐ 340 Marine    Injury Product ☐ 345 Marine Product    Liability | |    New Drug Application ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |    Liability   **PERSONAL PROPERTY** ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | **LABOR** ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending |    Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract |    Product Liability   ☐ 380 Other Personal | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Property Damage    Injury   ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury -    Product Liability    Medical Malpractice | ☐ 751 Family and Medical Leave Act | | ☐ 893 Environmental Matters ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party |    Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | |    26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/    Sentence | | |    State Statutes |
| ☐ 245 Tort Product Liability |    Accommodations   ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty    Employment    **Other:** | **IMMIGRATION** ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other    Other   ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| |   ☐ 560 Civil Detainee -    Conditions of    Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec. 1983
Brief description of cause:
Alleged violation of 14th Amendment and related state law claims

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE
02/27/2019

SIGNATURE OF ATTORNEY OF RECORD
/S/ Nancy Frankel Pelletier

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. **Title of case (name of first party on each side only)** Jane Doe I v. City of Northampton

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).**

   ☐   I.   160, 400, 410, 441, 535, 830*, 835*, 850, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑   II.   110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

   ☐   III.   120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 560, 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.

   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. **Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**

   None

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**
   YES ☐   NO ☑

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)**
   YES ☐   NO ☑

   **If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?**
   YES ☐   NO ☐

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**
   YES ☐   NO ☑

7. **Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).**
   YES ☑   NO ☐

   A.   **If yes, in which division do all of the non-governmental parties reside?**
   Eastern Division ☐       Central Division ☐       Western Division ☑

   B.   **If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?**
   Eastern Division ☐       Central Division ☐       Western Division ☐

8. **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)**
   YES ☐   NO ☑

**(PLEASE TYPE OR PRINT)**
**ATTORNEY'S NAME** Nancy Frankel Pelletier, Esq.
**ADDRESS** Robinson Donovan, P.C., 1500 Main St., Suite 1600, Springfield, MA 01115-5609
**TELEPHONE NO.** (413) 732-2301

(CategoryForm1-2019.wpd )

4

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPSHIRE, SS.                                    SUPERIOR COURT
                                        CIVIL ACTION NO. 1980CV00019

JANE DOE I AND JANE DOE II,                )
        Plaintiff                          )
                                           )
vs.                                        )
                                           )
CITY OF NORTHAMPTON,                       )
BOARD OF TRUSTEES OF SMITH                 )
VOCATIONAL HIGH SCHOOL,                    )
ANDREW LINKENHOKER,                        )
SUPERINTENDENT, (FORMERLY PRINCIPAL),      )
JOSEPH BIANCA, PRINCIPAL,                  )
(FORMERLY ASSISTANT PRINCIPAL),            )
KEVIN BROWN, BRIAN BAGDON                  )
        Defendants                         )

## NOTICE OF FILING OF NOTICE OF REMOVAL WITH THE
## UNITED STATES DISTRICT COURT

NOW COMES the defendant, City of Northampton, and hereby gives notice of its filing with

the United States District Court, District of Massachusetts, Western Division, of its Notice of

Removal.  Copies of the Notice of Removal and Notice of Electronic Filing are attached hereto

as Exhibit A.

HAMPSHIRE SUPERIOR COURT

MAR   6 2019

HARRY JEKANOWSKI, JR
CLERK/MAGISTRATE

629881

THE DEFENDANT,
CITY OF NORTHAMPTON,

Dated: March ___/___, 2019

By _Nancy Frankel Pelletier_
Nancy Frankel Pelletier, Esq.,
    npelletier@robinson-donovan.com
    Direct Fax (413) 452-0342
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301
BBO No. 544402

## CERTIFICATE OF SERVICE

I, Nancy Frankel Pelletier, Esq., hereby certify that on this 1st day of March 2019, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to:

Stella Xanthakos, Esq.
Michael G. Malkovich, Esq.
Xanthakos & Malkovich
43 Center St.
Northampton, MA 01060

*Subscribed under the penalties of perjury.*

_Nancy Frankel Pelletier_
Nancy Frankel Pelletier, Esq.

THE DEFENDANT,
CITY OF NORTHAMPTON,

Dated: March __/__, 2019

By _Nancy Frankel Pelletier_

Nancy Frankel Pelletier, Esq.,
   npelletier@robinson-donovan.com
   Direct Fax (413) 452-0342
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301
BBO No. 544402

## CERTIFICATE OF SERVICE

    I, Nancy Frankel Pelletier, Esq., hereby certify that on this 1st day of March 2019, I served a copy of the above upon the parties in the action by <u>mailing, postage prepaid</u>, to:

    Stella Xanthakos, Esq.
    Michael G. Malkovich, Esq.
    Xanthakos & Malkovich
    43 Center St.
    Northampton, MA 01060

    *Subscribed under the penalties of perjury.*

_Nancy Frankel Pelletier_

Nancy Frankel Pelletier, Esq.

629881

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 3:19-CV-30027

JANE DOE I AND JANE DOE II,                         )
    Plaintiffs                                          )
                                                    )
vs.                                                 )
                                                    )
CITY OF NORTHAMPTON,                                )
BOARD OF TRUSTEES OF SMITH                          )
VOCATIONAL HIGH SCHOOL,                             )
ANDREW LINKENHOKER,                                 )
SUPERINTENDENT, (FORMERLY PRINCIPAL),               )
JOSEPH BIANCA, PRINCIPAL,                           )
(FORMERLY ASSISTANT PRINCIPAL),                     )
KEVIN BROWN, BRIAN BAGDON                           )
    Defendants                                          )

## **NOTICE OF REMOVAL**

NOW COMES the defendant, City of Northampton (hereinafter "Petitioner"), by its attorneys, and pursuant to 28 U.S.C. § 1441, *et seq.* states as follows:

1. The Petitioner exercises its rights under the provisions of 28 U.S.C. § 1441, *et seq.*, to remove this action from the Superior Court, Department of the Trial Court, Commonwealth of Massachusetts, Hampshire County, in which this case is now pending under the name and style: *Jane Doe 1, et al. vs. City of Northampton et al.*, Civil Action No. 1980CV00019.

2. This is an action in which the district courts of the United States have been given original jurisdiction in that it arises under the laws of the United States as provided in 28 U.S.C. § 1331.

629878

3. This action was filed on or about January 29, 2019. Petitioner became aware of the filing of the Complaint in the above-captioned action by and through counsel, who obtained a copy of same on February 8, 2019. In accordance with the requirements of 28 U.S.C. § 1446, this Notice of Removal is filed within thirty (30) days after the receipt by Petitioner of the complaint in the above-captioned action.

4. Pursuant to 28 U.S.C. § 1446, the Petitioner is filing contemporaneously with this Notice of Removal copies of the following obtained by it in this action (attached hereto as Exhibits 1 and 2, respectively):

   1. Plaintiffs' Complaint; and

   2. Superior Court, Department of the Trial Court, Commonwealth of Massachusetts, Civil Action Cover Sheet.

5. Based on the foregoing, the Petitioner respectfully requests that this action be removed from the Superior Court, Department of the Trial Court, Commonwealth of Massachusetts, Hampshire County, to the United States District Court for the District of Massachusetts, Western Division, the District and Division where the action is pending.

6. Written notice of the filing of this Notice will be given to the adverse party.

7. A copy of this petition will be filed with the clerk of the Superior Court Department, Hampshire County.

629878

WHEREFORE, the Petitioner respectfully requests that this action be removed to this Court and that this Court accept jurisdiction of this action and that this action be placed on the docket of this Court for further proceedings, as though this action had originally been instituted in this Court.

Respectfully Submitted,

THE DEFENDANT,
CITY OF NORTHAMPTON,

Dated:  March 1, 2019

By_____ /s/ Nancy Frankel Pelletier_____
Nancy Frankel Pelletier, Esq.
BBO # 544402
        npelletier@robinson-donovan.com
        Direct Fax (413) 452-0389
David S. Lawless, Esq.
BBO # 664754
        dlawless@robinson-donovan.com
        Direct Fax (413) 452-0370
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants** on this 1st day of March 2019.

Stella Xanthakos, Esq.
Michael G. Malkovich, Esq.
Xanthakos & Malkovich
43 Center St.
Northampton, MA 01060

/s/ Nancy Frankel Pelletier_____
Nancy Frankel Pelletier, Esq.
David S. Lawless, Esq.

629878



EXHIBIT 1

COMMONWEALTH OF MASSACHUSETTS

HAMPSHIRE, SS.                              SUPERIOR COURT
                                           DOCKET NO.

JANE DOE I AND JANE DOE II,

        Plaintiffs

v.

CITY OF NORTHAMPTON,
BOARD OF TRUSTEES OF SMITH
       VOCATIONAL HIGH SCHOOL,
ANDREW LINKENHOKER, SUPERINTENDENT,                    HAMPSHIRE SUPERIOR COURT
       (formerly PRINCIPAL),
JOSEPH BIANCA, PRINCIPAL,                               JAN 2 9 2019
       (formerly ASSISTANT PRINCIPAL),
KEVIN BROWN,                                           HARRY JEKANOWSKI, JR
BRIAN BAGDON,                                          CLERK/MAGISTRATE
CODY HANLON, and
MARY DOES AND JOHN DOES I-V,

        Defendants

---

<u>Introduction</u>

1. Plaintiff Jane Doe I is an individual who is a former student at Smith Vocational High School.

2. Plaintiff Jane Doe II is an individual and is the mother of Jane Doe I.

3. Defendant City of Northampton is a municipal corporation whose principal place of business is in Northampton, Massachusetts, responsible for the funding and operation of Smith Vocational High School.

4. Defendant Board of Trustees of Smith Vocational High School is a school committee authorized by the laws of the Commonwealth to operate, manage and govern the Smith Vocational High School.

5. Defendant Andrew Linkenhoker is the Superintendent and, at times relevant to this action, was the Principal of Smith Vocational High School.

6. Defendant Joseph Bianca is the Principal and, at times relevant to this action, was the Assistant Principal of Smith Vocational High School.

7. Defendant Brian Bagdon, at times relevant to this action, was employed by Smith Vocational High School as its varsity wrestling coach.

8. Defendant Kevin Brown, at times relevant to this action, was a Security Officer for Smith Vocational High School.

9. Defendant Cody Hanlon is an individual who is a former student at Smith Vocational High School.

10. Mary and John Does I-V are individuals whose conduct has not yet been fully identified who contributed to the harm to the plaintiffs.

11. Plaintiffs timely and duly served presentment letters pursuant to M.G.L. Chapter 258, Section 4 on defendants City of Northampton and the Trustees of Smith Vocational High School.

12. This court has jurisdiction pursuant to M.G.L. Chapter 212, Section 3.

<u>Summary of Facts</u>

13. On or about January 30, 2016, the plaintiff, Jane Doe I, was 15 years old and participated with the Smith Vocational High School wrestling team at a wrestling tournament.

14. The wrestling team was transported to the meet in a small school bus provided by Smith Vocational High School, and the bus was operated by defendant Brian Bagdon, the coach of the wrestling team.

15. While returning on the bus from the wrestling meet, plaintiff Jane Doe I, who was 15 years old, was sexually assaulted by defendant Corey Hanlon in the bus, within view of the other members of the wrestling team, and in close proximity to defendant Bagdon.

16. Neither Coach Bagdon nor a chaperone (name unknown) intervened to stop the sexual assault or to protect the plaintiff.

17. The incident came to the attention of defendants Joseph Bianca, Vice Principal, Andrew Linkenhoker, Principal, and Kevin Brown, Security Officer of Smith Vocational High School, and rather than conducting a proper investigation and taking appropriate actions to protect and support plaintiff Jane Doe I, they characterized the incident as inappropriate sexual actions and treated the plaintiff as being at fault.

18. Defendants Bianca and Brown interrogated the plaintiff in the presence of other school personnel, castigated her for the incident, and issued a two day out of school suspension.

19. Prior to the incident, defendants Bianca and Linkenhoker were aware that the plaintiff was experiencing emotional and psychological issues.

20. Following the incident, rather than providing emotional support and intervention for the plaintiff, defendants Bianca, Linkenhoker, and Brown treated the plaintiff as a disciplinary problem and treated her differently from the male perpetrator of the sexual assault.

21. When information about the sexual assault circulated at the school, the plaintiff became the target of bullying and harassment by other students.

22.  Despite knowledge of this harassment by other students, defendants Bianca, Linkenhoker, Brown, and other agents and employees of Smith Vocational High School failed to properly intervene to protect the plaintiff.

23.  Information about the incident was disseminated among the teachers and staff of Smith Vocational High School, and the plaintiff felt disapproval from her teachers and others.

24.  As result of the hostile environment that developed within the high school, the plaintiff suffered severe emotional distress, which began to have a significant negative impact on her social and academic performance.

25.  As the plaintiff's performance and emotional health deteriorated at the school, rather than address her emotional needs related to the sexual assault, defendant Bianca issued more disciplinary actions and denied the plaintiff participation in extracurricular activities.

26.  As a result of the sexual assault, the hostile environment in the school created by the bullying and harassment by other students, the plaintiff's emotional difficulties, and the interference with her academic and athletic participation at the school, the plaintiff became despondent, depressed, and severely emotionally distressed.

27.  The actions of defendants Bianca, Linkenhoker, and Brown directly interfered with the plaintiff's participation in school activities, caused the plaintiff to suffer harassment and abuse by other students, and deprived her of the opportunity to pursue her education.

28.  Rather than treating Jane Doe I as the victim of a crime, Bianca criticized her and suggested she was at fault in speaking with Jane Doe I, and made inappropriate and disparaging comments about Jane Doe I to her mother, Jane Doe II.

29. Jane Doe I eventually transferred to another school, and agents of Smith Vocational High School caused additional harm by forwarding private (disciplinary) records to her new school, which included that the plaintiff had engaged in inappropriate sexual conduct.

### Count I: Negligence – Board of Trustees of Smith Vocational High School
### M.G.L., c. 258, s 2

30. The plaintiffs incorporate by reference paragraphs 1 through 29 above, and make them a part hereof.

31. Defendant Trustees of Smith Vocational High School negligently hired Brian Bagdon as a coach for the wrestling team and negligently failed to establish procedures, protocols, and/or guidelines and to properly train him to protect the students under his supervision as the coach of the wrestling team.

32. Brian Bagdon, as coach of the wrestling team and an agent of defendant, Smith Vocational High School, negligently failed to monitor and control the students under his care and supervision during travel from a wrestling tournament, and as a result, the plaintiff was sexually assaulted and suffered extreme physical and emotional distress.

33. Andrew Linkenhoker, as Principal of Smith Vocational High School and an agent of defendant Board of Trustees of Smith Vocational High School, negligently hired Brian Bagdon as a coach for the wrestling team, negligently failed to establish procedures and guidelines and to properly train him to protect the students under his supervision, and negligently failed to monitor his performance as a coach.

34. Linkenhoker, as an agent of the Board of Trustees of Smith Vocational High School, negligently failed to investigate the plaintiff's assault, negligently castigated and disciplined the

plaintiff, rather than recognizing that she was a victim of sexual assault, negligently failed to provide appropriate emotional support and intervention to protect her from the hostile environment at the school, and negligently deprived her of a suitable educational environment.

35. Joseph Bianca, as Vice Principal of Smith Vocational High School and an agent of the Board of Trustees of Smith Vocational High School, negligently hired Brian Bagdon as a coach for the wrestling team, negligently failed to establish procedures and guidelines and to properly train him to protect the students under his supervision, and negligently failed to monitor his performance as a coach.

36. Bianca negligently failed to investigate the plaintiff's assault, negligently castigated and disciplined the plaintiff rather than recognizing that she was a victim of sexual assault, negligently failed to provide appropriate emotional support and intervention to protect her from the hostile environment at the school, and negligently deprived her of a suitable educational environment.

37. Kevin Brown, as the Security Officer of Smith Vocational High School and an agent of the Board of Trustees of Smith Vocational High School, negligently failed to investigate the plaintiff's assault, negligently castigated and disciplined the plaintiff rather than recognizing that she was a victim of sexual assault, negligently failed to provide appropriate emotional support and intervention to protect her from the hostile environment at the school, and negligently deprived her of a suitable educational environment.

38. As a direct and proximate result of the negligence of defendant, the Board of Trustees of Smith Vocational High School, through its agents, the plaintiff was sexually assaulted, subjected to unjustified accusations, demeaned by staff, harassed by fellow students, and forced to endure a

hostile environment at school, and suffered extreme emotional and physical distress, including but not limited to severe depression, isolation, suicidal ideation, and loss of educational opportunities, and required psychiatric treatment.

## Count II: Negligence - City of Northampton
### M.G.L. c.258, s.2

39.  The plaintiffs incorporate by reference paragraphs 1 through 38 above, and make them a part hereof.

40.  Defendant City of Northampton, as the municipal authority under which Smith Vocational High School provides education to citizens of Northampton, and as the entity providing funds and supervision for the education of students at Smith Vocational High School, is responsible for the actions of its agents, employees of Smith Vocational High School, in providing such educational services.

## Count III: 42 U.S.C. § 1983 - Andrew Linkenhoker

41.  The plaintiffs incorporate by reference paragraphs 1 through 40 above, and make them a part hereof.

42.  At all times relevant to this action, defendant Andrew Linkenhoker was acting under color of state law.

43.  Defendant Linkenhoker, as Principal of Smith Vocational High School, had a duty to conduct a proper investigation into the sexual assault of the plaintiff, a duty to recognize a 15-year-old would be a victim pursuant to Massachusetts law, a duty to provide emotional support and protection within the school environment, and a duty to protect the plaintiff's federal and

state due process rights and equal protection with respect to imposing discipline and protecting

the plaintiff's right to education;

44. Defendant Linkenhoker deprived Jane Doe I of her constitutional rights to equal protection,

including but not limited to treating the plaintiff, Jane Doe I, differently from the male

perpetrator of the sexual assault.

45. Linkenhoker deprived the plaintiff of her constitutionally protected due process rights by

imposing discipline on the plaintiff, despite the fact that she was the victim of a sexual assault,

and depriving her of the right to pursue her education without interference.

46. Linkenhoker, intentionally, willfully and without justification, deprived the plaintiff of her

rights, privileges, and immunities secured to her by the Constitution and the laws of the United

States, including, but not limited to, her rights to equal protection of law and due process rights

to her obtaining education free from interference.

47. As a result of the violation of her rights, the plaintiff suffered extreme emotional and

physical distress and loss of education opportunity.

### Count IV: 42 U.S.C. § 1983 - Joseph Bianca

48. The plaintiffs incorporate by reference paragraphs 1 through 47 above, and make them a part

hereof.

49. At all times relevant to this action, defendant Joseph Bianca was acting under color of state

law.

50. Defendant Bianca, as Vice Principal of Smith Vocational High School, had a duty to conduct

a proper investigation into the sexual assault of the plaintiff, a duty to provide emotional support

and protection within the school environment and to protect the plaintiff's federal and state due process rights with respect to imposing discipline and protecting the plaintiff's right to education.

51. Defendant Bianca deprived the plaintiff, Jane Doe I, of her constitutional rights to equal protection, including but not limited to treating Jane Doe I differently from the male perpetrator of the sexual assault.

52. Bianca deprived the plaintiff of her constitutionally protected due process rights by imposing discipline on the plaintiff, despite the fact that she was the victim of a sexual assault, and depriving her of the right to pursue her education without interference.

53. Bianca, intentionally, willfully and without justification, deprived the plaintiff, of her rights, privileges and immunities secured to her by the Constitution and the laws of the United States, including, but not limited to, her rights to equal protection of law and due process rights to her obtaining education free from interference.

54. As a result of the violation of her rights, the plaintiff suffered extreme emotional and physical distress and loss of education opportunity.

<u>Count V: 42 U.S.C. § 1983 - Kevin Brown</u>

55. The plaintiffs incorporate by reference paragraphs 1 through 54 above, and make them a part hereof.

56. At all times relevant to this action, defendant Kevin Brown was acting under color of state law.

57. Defendant Brown, as the Security Officer of Smith Vocational High School, had a duty to conduct a proper investigation into the sexual assault of the plaintiff, a duty to provide emotional

support and protection within the school environment, and a duty to protect the plaintiff's federal and state due process rights with respect to imposing discipline and protecting the plaintiff's right to education.

58. Brown deprived the plaintiff of her constitutionally protected rights by imposing discipline on the plaintiff, despite the fact that she was the victim of a sexual assault, and depriving her of the right to pursue her education without interference.

59. Brown, intentionally, willfully and without justification, deprived the plaintiff, of her rights, privileges and immunities secured to her by the Constitution and the laws of the United States, including, but not limited to, her rights to equal protection of law and due process rights to her obtaining education free from interference.

60. As a result of the violation of her rights, the plaintiff suffered extreme emotional and physical distress and loss of education opportunity.

## Count VI: Assault - Cody Hanlon

61. The plaintiffs incorporate by reference paragraphs 1 through 60 above, and make them a part hereof.

62. Defendant Cody Hanlon assaulted the plaintiff, by putting her in fear and apprehension of an indecent, sexual assault.

63. As a direct and proximate result of defendant Hanlon's assault, the plaintiff suffered damages, including, but not limited to, fear and extreme emotional distress.

## Count VI: Battery - Cody Hanlon

64.  The plaintiffs incorporate by reference paragraphs 1 through 63 above, and make them a part hereof.

65.  Defendant Cody Hanlon sexually assaulted and battered the plaintiff, by engaging in non-consensual sexual contact.

66.  As a direct and proximate result of defendant Hanlon's sexual battery, the plaintiff suffered damages, including, but not limited to, extreme emotional distress, physical injury, embarrassment, and other damages.

## Count VI: Intentional Infliction of Emotional Distress - Cody Hanlon

67.  The plaintiffs incorporate by reference paragraphs 1 through 66 above, and make them a part hereof.

68.  Defendant Hanlon willfully and intentionally subjected the plaintiff to extreme and outrageous conduct by sexually assaulting her, knowing that the assault would cause extreme emotional distress.

69.  As a direct and proximate result of defendant Hanlon's conduct, the plaintiff suffered damages, including, but not limited to, extreme emotional distress, physical injury, embarrassment, and other damages.

## Count VII: Negligent Infliction of Emotional Distress - Board of Trustees of Smith Vocational High School - M.G.L. c. 258, s. 2

70.  The plaintiffs incorporate by reference paragraphs 1 through 69 above, and make them a part hereof.

71. Plaintiff Jane Doe II attempted to intervene to protect her daughter from the hostile environment in the school, the unjustified disciplinary actions taken against her daughter, and the extreme emotional distress her daughter was suffering as a result of the assault and her daughter's fragile mental and emotional state.

72. Defendants Linkenhoker, Bianca, and Brown, as agents of the Trustees of Smith Vocational High School, negligently accused plaintiff Jane Doe II's daughter of initiating the sexual assault and demeaned her daughter's character concerning the incident and her daughter's mistreatment at Smith Vocational High School.

73. The statements of defendant Linkenhoker, Bianca, and Brown were untrue, and constituted extreme and outrageous conduct, which the defendants knew, or should have known, would cause severe emotional distress to plaintiff Jane Doe II.

74. As a result of defendants Linkenhoker, Bianca, and Brown, plaintiff Jane Doe II suffered extreme emotional distress, embarrassment, depression, and other damages.

### Count VIII: Loss of Consortium - Board of Trustees of Smith Vocational High School - M.G.L. c. 258, s. 2

75. The plaintiffs incorporate by reference paragraphs 1 through 74 above, and make them a part hereof.

76. As a direct and proximate result of the negligent conduct of Andrew Linkenhoker, Joseph Bianca, and Kevin Brown, the plaintiff, Jane Doe II, suffered the loss of consortium of her daughter, Jane Doe I.

77. The severe harm caused by the conduct by the defendants towards Jane Doe I resulted in Jane Doe II suffering the loss of support, love, comfort, and companionship of her daughter.

71.  Plaintiff Jane Doe II attempted to intervene to protect her daughter from the hostile environment in the school, the unjustified disciplinary actions taken against her daughter, and the extreme emotional distress her daughter was suffering as a result of the assault and her daughter's fragile mental and emotional state.

72.  Defendants Linkenhoker, Bianca, and Brown, as agents of the Trustees of Smith Vocational High School, negligently accused plaintiff Jane Doe II's daughter of initiating the sexual assault and demeaned her daughter's character concerning the incident and her daughter's mistreatment at Smith Vocational High School.

73.  The statements of defendant Linkenhoker, Bianca, and Brown were untrue, and constituted extreme and outrageous conduct, which the defendants knew, or should have known, would cause severe emotional distress to plaintiff Jane Doe II.

74.  As a result of defendants Linkenhoker, Bianca, and Brown, plaintiff Jane Doe II suffered extreme emotional distress, embarrassment, depression, and other damages.

### Count VIII: Loss of Consortium - Board of Trustees of Smith Vocational High School - M.G.L. c. 258, s. 2

75.  The plaintiffs incorporate by reference paragraphs 1 through 74 above, and make them a part hereof.

76.  As a direct and proximate result of the negligent conduct of Andrew Linkenhoker, Joseph Bianca, and Kevin Brown, the plaintiff, Jane Doe II, suffered the loss of consortium of her daughter, Jane Doe I.

77.  The severe harm caused by the conduct by the defendants towards Jane Doe I resulted in Jane Doe II suffering the loss of support, love, comfort, and companionship of her daughter.

<u>Count IX: Defamation - Joseph Bianca, Mary and John Does I-V,
and Board of Trustees of Smith Vocational High School</u>

78.  The plaintiffs incorporate by reference paragraphs 1 through 77 above, and make them a part

hereof.

79.  The defendant Bianca and other defendants made slanderous comments regarding the

morality of Jane Doe I, allowed statements in her record to include that she had been involved in

inappropriate sexual activity, and disseminated those records to another institution.

80.  Jane Doe I was 15 years old and was the victim of sexual assault, but was characterized as

responsible for the rape which took place on the school bus.

81.  As a direct result of the slanderous and libelous comments, Jane Doe I suffered harm to her

reputation and was subject to ridicule.


<u>Prayer For Relief</u>

WHEREFORE, the plaintiffs respectfully request judgment in favor of plaintiff Jane Doe I, on

Counts I, II, III, IV, V, VI, and IX, and in favor of plaintiff Jane Doe II on Counts VII and VIII.

Respectfully Submitted,
Jane Doe I and Jane Doe II
By Their Attorneys,

_Stella Xanthakos_  1/29/19

Stella Xanthakos, Esquire
BBO No. 536050
Michael Malkovich
BBO No. 315870
Xanthakos & Malkovich
43 Center Street - Suite 101
Northampton, MA 01060
Tel. (413) 584-2764

## JURY DEMAND

The plaintiffs respectfully request a jury trial on all so triable issues.

Stella Xanthakos, Esquire

Respectfully Submitted,
Jane Doe I and Jane Doe II
By Their Attorneys,

1/29/19

Stella Xanthakos, Esquire
BBO No. 536050
Michael Malkovich
BBO No. 315870
Xanthakos & Malkovich
43 Center Street - Suite 101
Northampton, MA 01060
Tel. (413) 584-2764

## JURY DEMAND

The plaintiffs respectfully request a jury trial on all so triable issues.

Stella Xanthakos, Esquire



# EXHIBIT 2

2

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

**PLAINTIFF(S):** Jane Doe I, Jane Doe II

**ADDRESS:**

**COUNTY** Hampshire

**DEFENDANT(S):** City of Northampton, Board of Trustees of Smith Vocational High School
Andrew Linkenhoker, Superintendent, (formerly Principal), Kevin Brown, Brian Bagdon,
Cody Hanlon, and Mary Does and John Does I-V

**ATTORNEY:** Stella Xanthakos and Michael Melkovich

**ADDRESS:** 43 Center St. - Suite 101, Northampton, MA 01060

Phone: (413) 584-2764

**ADDRESS:** City Hall, 210 Main Street, Northampton, MA 01060

**BBO:** 536050; 315870

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

**CODE NO.** AB1

**TYPE OF ACTION (specify)** Tortious Action

***If "Other" please describe:** Involving Commonwealth/Municipality

**TRACK** A

**HAS A JURY CLAIM BEEN MADE?** ☒ YES ☐ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

HAMPSHIRE SUPERIOR COURT

A. Documented medical expenses to date:
1. Total hospital expenses ........................................ $  28,639.00+
2. Total doctor expenses ........................................... $
3. Total chiropractic expenses .................................. $  2,539.00+
4. Total physical therapy expenses ........................... $
5. Total other expenses (describe below) ................... $

JAN 2 9 2019

HARRY JEKANOWSKI, JR
CLERK/MAGISTRAT...

Subtotal (A): $  30,178.00+

B. Documented lost wages and compensation to date ............... $
C. Documented property damages to dated ............................... $
D. Reasonably anticipated future medical and hospital expenses .... $
E. Reasonably anticipated lost wages ..................................... $  10,000.00+
F. Other documented items of damages (describe below) ............. $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Doe I was sexually assaulted on a school bus when she was 15 years old and suffered extreme emotional distress. She was hospitalized for several days. Doe II (mother of Doe I) suffered extreme emotional distress related to her daughter's condition

TOTAL (A-F):$  41,178.00+

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

**Signature of Attorney/Pro Se Plaintiff:** X _[signature]_                **Date:** 1/29/19

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record:** X _[signature]_                **Date:** 1/29/19

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jane Doe I and Jane Doe II

**DEFENDANTS**
City of Northampton, Board of Trustees of Smith Vocational High School, Andrew Linkenhoker, Superintendent, et al.

**(b)** County of Residence of First Listed Plaintiff   HAMPDEN
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stella Xanthakos, Esq., Michael Malkovich, Esq.
Xanthakos & Malkovich, 43 Center St., Suite 101, Northampton, MA 01060 / Tel: 413-584-2764

Attorneys *(If Known)*
Nancy Frankel Pelletier, Esq., BBO No.: 544402
Robinson Donovan, P.C., 1500 Main St., Suite 1600, Springfield, MA 01115 / Tel: 413-732-2301

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec. 1983
Brief description of cause:
Alleged violation of 14th Amendment and related state law claims

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE
02/27/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Nancy Frankel Pelletier

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. **Title of case (name of first party on each side only)** Jane Doe I v. City of Northampton

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).**

    [ ]  I.       160, 400, 410, 441, 535, 830*, 835*, 850, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

    [✔]  II.      110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

    [ ]  III.     120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362,
                  365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 560, 625,
                  690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.

    *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. **Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**

    None

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**

    YES [ ]    NO [✔]

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)**

    YES [ ]    NO [✔]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES [ ]    NO [ ]

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**

    YES [ ]    NO [✔]

7. **Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).**

    YES [✔]    NO [ ]

    A.    If yes, in which division do all of the non-governmental parties reside?

          Eastern Division [ ]        Central Division [ ]        Western Division [✔]

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

          Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8. **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)**

    YES [ ]    NO [✔]

**(PLEASE TYPE OR PRINT)**
**ATTORNEY'S NAME** Nancy Frankel Pelletier, Esq.

**ADDRESS** Robinson Donovan, P.C., 1500 Main St., Suite 1600, Springfield, MA 01115-5609

**TELEPHONE NO.** (413) 732-2301

(CategoryForm1-2019.wpd )

3

COMMONWEALTH OF MASSACHUSETTS

19 019

HAMPSHIRE, SS.                          SUPERIOR COURT
                                        DOCKET NO.


JANE DOE I AND JANE DOE II,

          Plaintiffs

    v.

CITY OF NORTHAMPTON,
BOARD OF TRUSTEES OF SMITH
     VOCATIONAL HIGH SCHOOL,
ANDREW LINKENHOKER, SUPERINTENDENT,
     (formerly PRINCIPAL),
JOSEPH BIANCA, PRINCIPAL,
     (formerly ASSISTANT PRINCIPAL),
KEVIN BROWN,
BRIAN BAGDON,
CODY HANLON, and
MARY DOES AND JOHN DOES I-V,

          Defendants

HAMPSHIRE SUPERIOR COURT

JAN 2 9 2019

HARRY JEKANUWSKI, JR
CLERK/MAGISTRAT

---

## EX PARTE EMERGENCY MOTION FOR LEAVE TO PROCEED UNDER JANE DOE I AND JANE DOE II PSEUDONYMS

Now come the plaintiffs, Jane Doe I and Jane Doe II, and move ex parte for leave to file and proceed in the above entitled action under the pseudonyms Jane Doe I and Jane Doe II. In support of this motion, the plaintiffs state:

1.      The above entitled action involves a plaintiff who was sexually assaulted on a school bus when she was 15 years old and who was further harmed by private and inaccurate information disclosed by the defendants.

2.     As a result of the sexual assault and its aftermath, the plaintiff Jane Doe I was hospitalized for several days for severe psychological injuries, including suicidal ideation.

3.     The plaintiffs reside in this geographic area and if said information is disclosed, this would result in a further invasion of the plaintiffs' privacy.

4.     The plaintiffs maintain that allowing them to proceed in this action under the pseudonyms Jane Doe I and Jane Doe II will not be prejudicial to the defendants, and will allow the plaintiffs to proceed in this action.

5.     Jane Doe II is the mother of the victim and identifying the mother of the plaintiff victim of sexual assault will in essence disclose the identity of the victim.

6.     A copy of the Complaint is attached hereto and incorporated herein.

WHEREFORE, for the reasons stated above, the plaintiff respectfully requests that the Court allow the plaintiffs to proceed under pseudonyms and allow this action to proceed with the plaintiffs identified only under the pseudonyms and order that the Complaint filed under the pseudonym be accepted for filing by the Court.

Respectfully Submitted,
Jane Doe I and Jane Doe II
By Their Attorneys,

1/29/19

Stella Xanthakos, Esquire
BBO No. 536050
Michael Malkovich
BBO No. 315870
Xanthakos & Malkovich
43 Center Street - Suite 101
Northampton, MA 01060
Tel. (413) 584-2764

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts |
|---|---|---|
| | 19 019 | The Superior Court |

**PLAINTIFF(S):** Jane Doe I, Jane Doe II

**ADDRESS:**

**COUNTY**
Hampshire

**DEFENDANT(S):** City of Northampton, Board of Trustees of Smith Vocational High Schoo

Andrew Linkenhoker, Superintendent, (formerly Principal), Kevin Brown, Brian Bagdon,

Cody Hanlon, and Mary Does and John Does I-V

**ATTORNEY:** Stella Xanthakos and Michael Malkovich

**ADDRESS:**    43 Center St. - Suite 101, Northampton, MA 01060

Phone: (413) 584-2764

**ADDRESS:**    City Hall, 210 Main Street, Northampton, MA 01060

**BBO:**    536050; 315870

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

**CODE NO.**
AB1

**TYPE OF ACTION (specify)**
Tortious Action

**TRACK**
A

**HAS A JURY CLAIM BEEN MADE?**
☒ YES    ☐ NO

**"If "Other" please describe:**    Involving Commonwealth/Municipality

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:

HAMPSHIRE SUPERIOR COURT

1. Total hospital expenses ................................................................... $
2. Total doctor expenses ..................................................................... $    28,639.00+
3. Total chiropractic expenses ............................................................ $    2,539.00+
4. Total physical therapy expenses .................................................... $
5. Total other expenses (describe below) .......................................... $

JAN 29 2019

B. Documented lost wages and compensation to date .......................... **Subtotal (A):** $    30,178.00+

HARRY JEKANUWSKI, JR.
CLERK/MAGISTRATE

C. Documented property damages to dated .......................................... $
D. Reasonably anticipated future medical and hospital expenses ......... $
E. Reasonably anticipated lost wages ................................................. $
F. Other documented items of damages (describe below) .................... $    10,000.00+

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Doe I was sexually assaulted on a school bus when she was 15 years old and suffered extreme emotional distress. She was hospitalized for several days. Doe II (mother of Doe I) suffered extreme emotional distress related to her daughter's condition

**TOTAL (A-F):**$    41,178.00+

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

**TOTAL:** $

**Signature of Attorney/Pro Se Plaintiff: X** _[signature]_

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**Date:** 1/29/19

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X** _[signature]_

**Date:** 1/29/19

COMMONWEALTH OF MASSACHUSETTS        19 019

HAMPSHIRE, SS.                                    SUPERIOR COURT
                                                 DOCKET NO.

JANE DOE I AND JANE DOE II,

                Plaintiffs

        v.

CITY OF NORTHAMPTON,
BOARD OF TRUSTEES OF SMITH
        VOCATIONAL HIGH SCHOOL,
ANDREW LINKENHOKER, SUPERINTENDENT,
        (formerly PRINCIPAL),
JOSEPH BIANCA, PRINCIPAL,
        (formerly ASSISTANT PRINCIPAL),
KEVIN BROWN,
BRIAN BAGDON,
CODY HANLON, and
MARY DOES AND JOHN DOES I-V,

                Defendants

HAMPSHIRE SUPERIOR COURT

JAN 2 9 2019

HARRY JEKANOWSKI, JR
CLERK/MAGISTRATE

_____

Introduction

1. Plaintiff Jane Doe I is an individual who is a former student at Smith Vocational High School.

2. Plaintiff Jane Doe II is an individual and is the mother of Jane Doe I.

3. Defendant City of Northampton is a municipal corporation whose principal place of business is in Northampton, Massachusetts, responsible for the funding and operation of Smith Vocational High School.

4.  Defendant Board of Trustees of Smith Vocational High School is a school committee authorized by the laws of the Commonwealth to operate, manage and govern the Smith Vocational High School.

5.  Defendant Andrew Linkenhoker is the Superintendent and, at times relevant to this action, was the Principal of Smith Vocational High School.

6.  Defendant Joseph Bianca is the Principal and, at times relevant to this action, was the Assistant Principal of Smith Vocational High School.

7.  Defendant Brian Bagdon, at times relevant to this action, was employed by Smith Vocational High School as its varsity wrestling coach.

8.  Defendant Kevin Brown, at times relevant to this action, was a Security Officer for Smith Vocational High School.

9.  Defendant Cody Hanlon is an individual who is a former student at Smith Vocational High School.

10. Mary and John Does I-V are individuals whose conduct has not yet been fully identified who contributed to the harm to the plaintiffs.

11. Plaintiffs timely and duly served presentment letters pursuant to M.G.L. Chapter 258, Section 4 on defendants City of Northampton and the Trustees of Smith Vocational High School.

12. This court has jurisdiction pursuant to M.G.L. Chapter 212, Section 3.


## Summary of Facts

13. On or about January 30, 2016, the plaintiff, Jane Doe I, was 15 years old and participated with the Smith Vocational High School wrestling team at a wrestling tournament.

14. The wrestling team was transported to the meet in a small school bus provided by Smith Vocational High School, and the bus was operated by defendant Brian Bagdon, the coach of the wrestling team.

15. While returning on the bus from the wrestling meet, plaintiff Jane Doe I, who was 15 years old, was sexually assaulted by defendant Corey Hanlon in the bus, within view of the other members of the wrestling team, and in close proximity to defendant Bagdon.

16. Neither Coach Bagdon nor a chaperone (name unknown) intervened to stop the sexual assault or to protect the plaintiff.

17. The incident came to the attention of defendants Joseph Bianca, Vice Principal, Andrew Linkenhoker, Principal, and Kevin Brown, Security Officer of Smith Vocational High School, and rather than conducting a proper investigation and taking appropriate actions to protect and support plaintiff Jane Doe I, they characterized the incident as inappropriate sexual actions and treated the plaintiff as being at fault.

18. Defendants Bianca and Brown interrogated the plaintiff in the presence of other school personnel, castigated her for the incident, and issued a two day out of school suspension.

19. Prior to the incident, defendants Bianca and Linkenhoker were aware that the plaintiff was experiencing emotional and psychological issues.

20. Following the incident, rather than providing emotional support and intervention for the plaintiff, defendants Bianca, Linkenhoker, and Brown treated the plaintiff as a disciplinary problem and treated her differently from the male perpetrator of the sexual assault.

21. When information about the sexual assault circulated at the school, the plaintiff became the target of bullying and harassment by other students.

22. Despite knowledge of this harassment by other students, defendants Bianca, Linkenhoker, Brown, and other agents and employees of Smith Vocational High School failed to properly intervene to protect the plaintiff.

23. Information about the incident was disseminated among the teachers and staff of Smith Vocational High School, and the plaintiff felt disapproval from her teachers and others.

24. As result of the hostile environment that developed within the high school, the plaintiff suffered severe emotional distress, which began to have a significant negative impact on her social and academic performance.

25. As the plaintiff's performance and emotional health deteriorated at the school, rather than address her emotional needs related to the sexual assault, defendant Bianca issued more disciplinary actions and denied the plaintiff participation in extracurricular activities.

26. As a result of the sexual assault, the hostile environment in the school created by the bullying and harassment by other students, the plaintiff's emotional difficulties, and the interference with her academic and athletic participation at the school, the plaintiff became despondent, depressed, and severely emotionally distressed.

27. The actions of defendants Bianca, Linkenhoker, and Brown directly interfered with the plaintiff's participation in school activities, caused the plaintiff to suffer harassment and abuse by other students, and deprived her of the opportunity to pursue her education.

28. Rather than treating Jane Doe I as the victim of a crime, Bianca criticized her and suggested she was at fault in speaking with Jane Doe I, and made inappropriate and disparaging comments about Jane Doe I to her mother, Jane Doe II.

29. Jane Doe I eventually transferred to another school, and agents of Smith Vocational High School caused additional harm by forwarding private (disciplinary) records to her new school, which included that the plaintiff had engaged in inappropriate sexual conduct.

<u>Count I: Negligence - Board of Trustees of Smith Vocational High School</u>
<u>M.G.L., c. 258, s 2</u>

30. The plaintiffs incorporate by reference paragraphs 1 through 29 above, and make them a part hereof.

31. Defendant Trustees of Smith Vocational High School negligently hired Brian Bagdon as a coach for the wrestling team and negligently failed to establish procedures, protocols, and/or guidelines and to properly train him to protect the students under his supervision as the coach of the wrestling team.

32. Brian Bagdon, as coach of the wrestling team and an agent of defendant, Smith Vocational High School, negligently failed to monitor and control the students under his care and supervision during travel from a wrestling tournament, and as a result, the plaintiff was sexually assaulted and suffered extreme physical and emotional distress.

33. Andrew Linkenhoker, as Principal of Smith Vocational High School and an agent of defendant Board of Trustees of Smith Vocational High School, negligently hired Brian Bagdon as a coach for the wrestling team, negligently failed to establish procedures and guidelines and to properly train him to protect the students under his supervision, and negligently failed to monitor his performance as a coach.

34. Linkenhoker, as an agent of the Board of Trustees of Smith Vocational High School, negligently failed to investigate the plaintiff's assault, negligently castigated and disciplined the

plaintiff, rather than recognizing that she was a victim of sexual assault, negligently failed to provide appropriate emotional support and intervention to protect her from the hostile environment at the school, and negligently deprived her of a suitable educational environment.

35.  Joseph Bianca, as Vice Principal of Smith Vocational High School and an agent of the Board of Trustees of Smith Vocational High School, negligently hired Brian Bagdon as a coach for the wrestling team, negligently failed to establish procedures and guidelines and to properly train him to protect the students under his supervision, and negligently failed to monitor his performance as a coach.

36.  Bianca negligently failed to investigate the plaintiff's assault, negligently castigated and disciplined the plaintiff rather than recognizing that she was a victim of sexual assault, negligently failed to provide appropriate emotional support and intervention to protect her from the hostile environment at the school, and negligently deprived her of a suitable educational environment.

37.  Kevin Brown, as the Security Officer of Smith Vocational High School and an agent of the Board of Trustees of Smith Vocational High School, negligently failed to investigate the plaintiff's assault, negligently castigated and disciplined the plaintiff rather than recognizing that she was a victim of sexual assault, negligently failed to provide appropriate emotional support and intervention to protect her from the hostile environment at the school, and negligently deprived her of a suitable educational environment.

38.  As a direct and proximate result of the negligence of defendant, the Board of Trustees of Smith Vocational High School, through its agents, the plaintiff was sexually assaulted, subjected to unjustified accusations, demeaned by staff, harassed by fellow students, and forced to endure a

hostile environment at school, and suffered extreme emotional and physical distress, including but not limited to severe depression, isolation, suicidal ideation, and loss of educational opportunities, and required psychiatric treatment.

## Count II: Negligence - City of Northampton
### M.G.L. c.258, s.2

39.  The plaintiffs incorporate by reference paragraphs 1 through 38 above, and make them a part hereof.

40.  Defendant City of Northampton, as the municipal authority under which Smith Vocational High School provides education to citizens of Northampton, and as the entity providing funds and supervision for the education of students at Smith Vocational High School, is responsible for the actions of its agents, employees of Smith Vocational High School, in providing such educational services.

## Count III: 42 U.S.C. § 1983 - Andrew Linkenhoker

41.  The plaintiffs incorporate by reference paragraphs 1 through 40 above, and make them a part hereof.

42.  At all times relevant to this action, defendant Andrew Linkenhoker was acting under color of state law.

43.  Defendant Linkenhoker, as Principal of Smith Vocational High School, had a duty to conduct a proper investigation into the sexual assault of the plaintiff, a duty to recognize a 15-year-old would be a victim pursuant to Massachusetts law, a duty to provide emotional support and protection within the school environment, and a duty to protect the plaintiff's federal and

state due process rights and equal protection with respect to imposing discipline and protecting the plaintiff's right to education;

44. Defendant Linkenhoker deprived Jane Doe I of her constitutional rights to equal protection, including but not limited to treating the plaintiff, Jane Doe I, differently from the male perpetrator of the sexual assault.

45. Linkenhoker deprived the plaintiff of her constitutionally protected due process rights by imposing discipline on the plaintiff, despite the fact that she was the victim of a sexual assault, and depriving her of the right to pursue her education without interference.

46. Linkenhoker, intentionally, willfully and without justification, deprived the plaintiff of her rights, privileges, and immunities secured to her by the Constitution and the laws of the United States, including, but not limited to, her rights to equal protection of law and due process rights to her obtaining education free from interference.

47. As a result of the violation of her rights, the plaintiff suffered extreme emotional and physical distress and loss of education opportunity.


## Count IV: 42 U.S.C. § 1983 - Joseph Bianca

48. The plaintiffs incorporate by reference paragraphs 1 through 47 above, and make them a part hereof.

49. At all times relevant to this action, defendant Joseph Bianca was acting under color of state law.

50. Defendant Bianca, as Vice Principal of Smith Vocational High School, had a duty to conduct a proper investigation into the sexual assault of the plaintiff, a duty to provide emotional support

and protection within the school environment and to protect the plaintiff's federal and state due

process rights with respect to imposing discipline and protecting the plaintiff's right to education.

51.  Defendant Bianca deprived the plaintiff, Jane Doe I, of her constitutional rights to equal

protection, including but not limited to treating Jane Doe I differently from the male perpetrator

of the sexual assault.

52.  Bianca deprived the plaintiff of her constitutionally protected due process rights by imposing

discipline on the plaintiff, despite the fact that she was the victim of a sexual assault, and

depriving her of the right to pursue her education without interference.

53.  Bianca, intentionally, willfully and without justification, deprived the plaintiff, of her rights,

privileges and immunities secured to her by the Constitution and the laws of the United States,

including, but not limited to, her rights to equal protection of law and due process rights to her

obtaining education free from interference.

54.  As a result of the violation of her rights, the plaintiff suffered extreme emotional and

physical distress and loss of education opportunity.


## Count V: 42 U.S.C. § 1983 - Kevin Brown

55.  The plaintiffs incorporate by reference paragraphs 1 through 54 above, and make them a part

hereof.

56.  At all times relevant to this action, defendant Kevin Brown was acting under color of state

law.

57.  Defendant Brown, as the Security Officer of Smith Vocational High School, had a duty to

conduct a proper investigation into the sexual assault of the plaintiff, a duty to provide emotional

support and protection within the school environment, and a duty to protect the plaintiff's federal and state due process rights with respect to imposing discipline and protecting the plaintiff's right to education.

58. Brown deprived the plaintiff of her constitutionally protected rights by imposing discipline on the plaintiff, despite the fact that she was the victim of a sexual assault, and depriving her of the right to pursue her education without interference.

59. Brown, intentionally, willfully and without justification, deprived the plaintiff, of her rights, privileges and immunities secured to her by the Constitution and the laws of the United States, including, but not limited to, her rights to equal protection of law and due process rights to her obtaining education free from interference.

60. As a result of the violation of her rights, the plaintiff suffered extreme emotional and physical distress and loss of education opportunity.

Count VI: Assault - Cody Hanlon

61. The plaintiffs incorporate by reference paragraphs 1 through 60 above, and make them a part hereof.

62. Defendant Cody Hanlon assaulted the plaintiff, by putting her in fear and apprehension of an indecent, sexual assault.

63. As a direct and proximate result of defendant Hanlon's assault, the plaintiff suffered damages, including, but not limited to, fear and extreme emotional distress.

Count VI: Battery - Cody Hanlon

64.  The plaintiffs incorporate by reference paragraphs 1 through 63 above, and make them a part hereof.

65.  Defendant Cody Hanlon sexually assaulted and battered the plaintiff, by engaging in non-consensual sexual contact.

66.  As a direct and proximate result of defendant Hanlon's sexual battery, the plaintiff suffered damages, including, but not limited to, extreme emotional distress, physical injury, embarrassment, and other damages.

<u>Count VI: Intentional Infliction of Emotional Distress - Cody Hanlon</u>

67.  The plaintiffs incorporate by reference paragraphs 1 through 66 above, and make them a part hereof.

68.  Defendant Hanlon willfully and intentionally subjected the plaintiff to extreme and outrageous conduct by sexually assaulting her, knowing that the assault would cause extreme emotional distress.

69.  As a direct and proximate result of defendant Hanlon's conduct, the plaintiff suffered damages, including, but not limited to, extreme emotional distress, physical injury, embarrassment, and other damages.

<u>Count VII: Negligent Infliction of Emotional Distress -
Board of Trustees of Smith Vocational High School -
M.G.L. c. 258, s. 2</u>

70.  The plaintiffs incorporate by reference paragraphs 1 through 69 above, and make them a part hereof.

71. Plaintiff Jane Doe II attempted to intervene to protect her daughter from the hostile environment in the school, the unjustified disciplinary actions taken against her daughter, and the extreme emotional distress her daughter was suffering as a result of the assault and her daughter's fragile mental and emotional state.

72. Defendants Linkenhoker, Bianca, and Brown, as agents of the Trustees of Smith Vocational High School, negligently accused plaintiff Jane Doe II's daughter of initiating the sexual assault and demeaned her daughter's character concerning the incident and her daughter's mistreatment at Smith Vocational High School.

73. The statements of defendant Linkenhoker, Bianca, and Brown were untrue, and constituted extreme and outrageous conduct, which the defendants knew, or should have known, would cause severe emotional distress to plaintiff Jane Doe II.

74. As a result of defendants Linkenhoker, Bianca, and Brown, plaintiff Jane Doe II suffered extreme emotional distress, embarrassment, depression, and other damages.


### Count VIII: Loss of Consortium - Board of Trustees of Smith Vocational High School - M.G.L. c. 258, s. 2

75. The plaintiffs incorporate by reference paragraphs 1 through 74 above, and make them a part hereof.

76. As a direct and proximate result of the negligent conduct of Andrew Linkenhoker, Joseph Bianca, and Kevin Brown, the plaintiff, Jane Doe II, suffered the loss of consortium of her daughter, Jane Doe I.

77. The severe harm caused by the conduct by the defendants towards Jane Doe I resulted in Jane Doe II suffering the loss of support, love, comfort, and companionship of her daughter.

<u>Count IX: Defamation - Joseph Bianca, Mary and John Does I-V,
and Board of Trustees of Smith Vocational High School</u>

78.  The plaintiffs incorporate by reference paragraphs 1 through 77 above, and make them a part hereof.

79.  The defendant Bianca and other defendants made slanderous comments regarding the morality of Jane Doe I, allowed statements in her record to include that she had been involved in inappropriate sexual activity, and disseminated those records to another institution.

80.  Jane Doe I was 15 years old and was the victim of sexual assault, but was characterized as responsible for the rape which took place on the school bus.

81.  As a direct result of the slanderous and libelous comments, Jane Doe I suffered harm to her reputation and was subject to ridicule.

<u>Prayer For Relief</u>

WHEREFORE, the plaintiffs respectfully request judgment in favor of plaintiff Jane Doe I, on Counts I, II, III, IV, V, VI, and IX, and in favor of plaintiff Jane Doe II on Counts VII and VIII.

Respectfully Submitted,
Jane Doe I and Jane Doe II
By Their Attorneys,

_____  1/29/19
Stella Xanthakos, Esquire
BBO No. 536050
Michael Malkovich
BBO No. 315870
Xanthakos & Malkovich
43 Center Street - Suite 101
Northampton, MA 01060
Tel. (413) 584-2764

## JURY DEMAND

The plaintiffs respectfully request a jury trial on all so triable issues.


Stella Xanthakos, Esquire