UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 3:19-CV-30027

JANE DOE I and
JANE DOE II,
        Plaintiffs

v.

CITY OF NORTHAMPTON,
ANDREW LINKENHOKER, SUPERINTENDENT,
    (formerly PRINCIPAL),
JOSEPH BIANCA, PRINCIPAL,
    (formerly ASSISTANT PRINCIPAL),
KEVIN BROWN,
BRIAN BAGDON,
CODY HANLON, and
MARY DOES AND JOHN DOES I-V,
        Defendants

---

## FIRST AMENDED COMPLAINT AND JURY DEMAND

### (LEAVE TO FILE GRANTED ON APRIL 16, 2019)

#### Introduction

1. Plaintiff Jane Doe I is an individual who is a former student at Smith Vocational High School.

2. Plaintiff Jane Doe II is an individual and is the mother of Jane Doe I.

3. Defendant City of Northampton is a municipal corporation whose principal place of business is in Northampton, Massachusetts, responsible for the funding and operation of Smith Vocational High School, through the Board of Trustees of Smith Vocational High School.

4.   Defendant Andrew Linkenhoker is the Superintendent and, at times relevant to this action, was the Principal of Smith Vocational High School.

5.   Defendant Joseph Bianca is the Principal and, at times relevant to this action, was the Assistant Principal of Smith Vocational High School.

6.   Defendant Brian Bagdon, at times relevant to this action, was employed by Smith Vocational High School as its varsity wrestling coach.

7.   Defendant Kevin Brown, at times relevant to this action, was a Security Officer for Smith Vocational High School.

8.   Defendant Cody Hanlon is an individual who is a former student at Smith Vocational High School.

9.   Mary and John Does I-V are individuals whose conduct has not yet been fully identified who contributed to the harm to the plaintiffs.

10.   Plaintiffs timely and duly served presentment letters pursuant to M.G.L. Chapter 258, Section 4 on defendants City of Northampton and the Trustees of Smith Vocational High School.

11.   This court has jurisdiction pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331.

<u>Summary of Facts</u>

12. On or about January 30, 2016, the plaintiff, Jane Doe I, was 15 years old and participated with the Smith Vocational High School wrestling team at a wrestling tournament.

13. The wrestling team was transported to the meet in a small school bus provided by Smith Vocational High School, and the bus was operated by defendant Brian Bagdon, the coach of the wrestling team.

14. While returning on the bus from the wrestling meet, plaintiff Jane Doe I, who was 15 years old, was sexually assaulted by defendant Corey Hanlon in the bus, within view of the other members of the wrestling team, and in close proximity to defendant Bagdon.

15. Neither Coach Bagdon nor a chaperone (name unknown) intervened to stop the sexual assault or to protect the plaintiff.

16.  The incident came to the attention of defendants Joseph Bianca, Vice Principal, Andrew Linkenhoker, Principal, and Kevin Brown, Security Officer of Smith Vocational High School, and rather than conducting a proper investigation and taking appropriate actions to protect and support plaintiff Jane Doe I, they characterized the incident as inappropriate sexual activity and treated the plaintiff as being at fault.

17.  Pursuant to M.G.L., c. 265, s. 23, sexual abuse of a minor child, aged 15 years, is a criminal offense and pursuant to Massachusetts law, a 15 year old child may not consent to sexual activity.

18.  Defendants Bianca and Brown interrogated the plaintiff in the presence of other school personnel, and despite knowledge of Jane Doe I's age and the fact that she was the victim of a sexual assault, castigated her for the incident, and issued a two day out of school suspension.

19.  Prior to the incident, defendants Bianca and Linkenhoker were aware that the plaintiff was experiencing emotional and psychological issues.

20.  Following the incident, rather than providing emotional support and intervention for the plaintiff, defendants Bianca, Linkenhoker, and Brown treated the plaintiff as a disciplinary problem and treated her differently from the male perpetrator of the sexual assault.

21. When information about the sexual assault circulated at the school, the plaintiff became the target of bullying and harassment by other students.

22. Despite knowledge of this harassment by other students and the fact that plaintiff Jane Doe I was the victim of a criminal sexual assault, defendants Bianca, Linkenhoker, Brown, and other agents and employees of Smith Vocational High School failed to properly intervene to protect the plaintiff.

23. Information about the incident and the defendants' mischaracterization of the assault as inappropriate sexual activity by the plaintiff, was disseminated among the teachers and staff of Smith Vocational High School, and the plaintiff felt disapproval from her teachers and others.

24. As result of the hostile environment that developed within the high school, the plaintiff suffered severe emotional distress, which began to have a significant negative impact on her social and academic performance.

25. As the plaintiff's performance and emotional health deteriorated at the school, rather than recognizing that plaintiff, Jane Doe I was the victim of a criminal sexual assault and addressing her emotional needs related to the sexual assault, defendant Bianca issued more disciplinary actions and denied the plaintiff participation in extracurricular activities.

26. As a result of the sexual assault, the hostile environment in the school created by the bullying and harassment by other students, the plaintiff's emotional difficulties, and the interference with her academic and athletic participation at the school, the plaintiff became despondent, depressed, and severely emotionally distressed.

27. The actions of defendants Bianca, Linkenhoker, and Brown directly interfered with the plaintiff's participation in school activities, caused the plaintiff to suffer harassment and abuse by other students, and deprived her of the opportunity to pursue her education.

28. Rather than treating Jane Doe I as the victim of a crime, Bianca criticized her and suggested she was at fault when speaking with Jane Doe I, and made inappropriate and disparaging comments about Jane Doe I to her mother, Jane Doe II.

29. Jane Doe I eventually transferred to another school, and agents of Smith Vocational High School caused additional harm by forwarding private (disciplinary) records to her new school, which included the false and defamatory entry that the plaintiff had engaged in inappropriate sexual conduct.

<u>Count I: Negligence - City of Northampton Through the
Board of Trustees of Smith Vocational High School
M.G.L., c. 258, s 2</u>

30. The plaintiffs incorporate by reference paragraphs 1 through 29 above, and make them a part hereof.

31. The Trustees of Smith Vocational High School, as agents of the City of Northampton, negligently hired Brian Bagdon as a coach for the wrestling team and negligently failed to establish procedures, protocols, and/or guidelines and to properly train him to protect the students under his supervision as the coach of the wrestling team.

32. Brian Bagdon, as coach of the wrestling team and an agent of defendant, City of Northampton, negligently failed to monitor and control the students under his care and

supervision during travel from a wrestling tournament, and as a result, the plaintiff was sexually assaulted and suffered extreme physical and emotional distress.

33. Andrew Linkenhoker, as Principal of Smith Vocational High School and an agent of defendant Board of Trustees of Smith Vocational High School, negligently hired Brian Bagdon as a coach for the wrestling team, negligently failed to establish procedures and guidelines and to properly train him to protect the students under his supervision, and negligently failed to monitor his performance as a coach.

34. Linkenhoker, as an agent of the City of Northampton, negligently failed to investigate the plaintiff's assault, negligently castigated and disciplined the plaintiff, rather than recognizing that she was a victim of sexual assault, negligently failed to provide appropriate emotional support and intervention to protect her from the hostile environment at the school, and negligently deprived her of a suitable educational environment.

35. Joseph Bianca, as Vice Principal of Smith Vocational High School and an agent of the City of Northampton, negligently hired Brian Bagdon as a coach for the wrestling team, negligently failed to establish procedures and guidelines and to properly train him to protect the students under his supervision, and negligently failed to monitor his performance as a coach.

36. Bianca negligently failed to investigate the plaintiff's assault, negligently castigated and disciplined the plaintiff rather than recognizing that she was a victim of sexual assault, negligently failed to provide appropriate emotional support and intervention to protect her from the hostile environment at the school, and negligently deprived her of a suitable educational environment.

37. Kevin Brown, as the Security Officer of Smith Vocational High School and an agent of the City of Northampton, negligently failed to investigate the plaintiff's assault, negligently castigated and disciplined the plaintiff rather than recognizing that she was a victim of sexual assault, negligently failed to provide appropriate emotional support and intervention to protect her from the hostile environment at the school, and negligently deprived her of a suitable educational environment.

38. As a direct and proximate result of the negligence of defendant, the City of Northampton, through its agents, the plaintiff, Jane Doe I, was sexually assaulted, subjected to unjustified accusations, demeaned by staff, harassed by fellow students, and forced to endure a hostile environment at school, and suffered extreme emotional and physical distress, including but not limited to severe depression, isolation, suicidal ideation, and loss of educational opportunities, and required psychiatric treatment.

Count II: 42 U.S.C. § 1983 - Andrew Linkenhoker

39. The plaintiffs incorporate by reference paragraphs 1 through 38 above, and make them a part hereof.

40. At all times relevant to this action, defendant Andrew Linkenhoker was acting under color of state law.

41. Defendant Linkenhoker, as Principal of Smith Vocational High School, had a duty to conduct a proper investigation into the sexual assault of the plaintiff, a duty to recognize a 15-year-old was a victim of a criminal sexual assault, pursuant to Massachusetts law, a duty to provide emotional support and protection within the school environment, and a duty to protect

the plaintiff's federal and state due process rights and equal protection with respect to imposing discipline and protecting the plaintiff, Jane Doe I's right to education;

42. Defendant Linkenhoker deprived Jane Doe I of her constitutional rights to equal protection, including but not limited to denying her the protection of Massachusetts law and treating the plaintiff, Jane Doe I, differently from the male perpetrator of the sexual assault.

43. Linkenhoker deprived the plaintiff of her constitutionally protected due process rights by imposing discipline on the plaintiff, despite the fact that she was the victim of a criminal sexual assault, and depriving her of the right to pursue her education without interference.

44. Linkenhoker, intentionally, willfully and without justification, deprived the plaintiff of her rights, privileges, and immunities secured to her by the Constitution and the laws of the United States, and the Constitution and laws of the Commonwealth of Massachusetts, including, but not limited to, her rights to equal protection of law and due process rights to her obtaining education free from interference.

45. As a result of the violation of her rights, the plaintiff suffered extreme emotional and physical distress and loss of education opportunities.

### Count III: 42 U.S.C. § 1983 - Joseph Bianca

46. The plaintiffs incorporate by reference paragraphs 1 through 45 above, and make them a part hereof.

47. At all times relevant to this action, defendant Joseph Bianca was acting under color of state law.

48. Defendant Bianca, as Vice Principal of Smith Vocational High School, had a duty to conduct a proper investigation into the sexual assault of the plaintiff, a duty to recognize a 15-year-old was a victim of a criminal sexual assault, pursuant to Massachusetts law, a duty to provide emotional support and protection within the school environment and to protect the plaintiff's federal and state due process rights with respect to imposing discipline and protecting the plaintiff's right to education.

49. Defendant Bianca deprived the plaintiff, Jane Doe I, of her constitutional rights to equal protection, including but not limited to denying her the protection of Massachusetts law and treating Jane Doe I differently from the male perpetrator of the sexual assault.

50. Bianca deprived the plaintiff of her constitutionally protected due process rights by imposing discipline on the plaintiff, despite the fact that she was the victim of a sexual assault, and depriving her of the right to pursue her education without interference.

51. Bianca, intentionally, willfully and without justification, deprived the plaintiff, of her rights, privileges and immunities secured to her by the Constitution and the laws of the United States, and the Constitution and laws of the Commonwealth of Massachusetts, including, but not limited to, her rights to equal protection of law and due process rights to her obtaining education free from interference.

52. As a result of the violation of her rights, the plaintiff suffered extreme emotional and physical distress and loss of education opportunities.

<u>Count IV: 42 U.S.C. § 1983 - Kevin Brown</u>

53. The plaintiffs incorporate by reference paragraphs 1 through 52 above, and make them a part hereof.

54. At all times relevant to this action, defendant Kevin Brown was acting under color of state law.

55. Defendant Brown, as the Security Officer of Smith Vocational High School, had a duty to conduct a proper investigation into the sexual assault of the plaintiff, a duty to provide emotional support and protection within the school environment, and a duty to protect the plaintiff's federal and state due process rights with respect to imposing discipline and protecting the plaintiff's right to education.

56. Brown deprived the plaintiff of her constitutionally protected rights by imposing discipline on the plaintiff, despite the fact that she was the victim of a sexual assault, and depriving her of the right to pursue her education without interference.

57. Brown, intentionally, willfully and without justification, deprived the plaintiff, of her rights, privileges and immunities secured to her by the Constitution and the laws of the United States, and the Constitution and laws of the Commonwealth of Massachusetts, including, but not limited to, her rights to equal protection of law and due process rights to her obtaining education free from interference.

58. As a result of the violation of her rights, the plaintiff suffered extreme emotional and physical distress and loss of education opportunities.

Count V: Assault - Cody Hanlon

59. The plaintiffs incorporate by reference paragraphs 1 through 58 above, and make them a part hereof.

60. Defendant Cody Hanlon assaulted the plaintiff, by putting her in fear and apprehension of an indecent, sexual assault.

61. As a direct and proximate result of defendant Hanlon's assault, the plaintiff suffered damages, including, but not limited to, fear and extreme emotional distress.

### Count VI: Battery - Cody Hanlon

62. The plaintiffs incorporate by reference paragraphs 1 through 61 above, and make them a part hereof.

63. Defendant Cody Hanlon sexually assaulted and battered the plaintiff, by engaging in non-consensual sexual contact.

64. As a direct and proximate result of defendant Hanlon's sexual battery, the plaintiff suffered damages, including, but not limited to, extreme emotional distress, physical injury, embarrassment, and other damages.

### Count VII: Intentional Infliction of Emotional Distress - Cody Hanlon

65. The plaintiffs incorporate by reference paragraphs 1 through 64 above, and make them a part hereof.

66. Defendant Hanlon willfully and intentionally subjected the plaintiff to extreme and outrageous conduct by sexually assaulting her, knowing that the assault would cause extreme emotional distress.

67. As a direct and proximate result of defendant Hanlon's conduct, the plaintiff suffered damages, including, but not limited to, extreme emotional distress, physical injury, embarrassment, and other damages.

Count VIII: Negligent Infliction of Emotional Distress -
City of Northampton Through the
Board ofTrustees of Smith Vocational High School -
M.G.L. c. 258, s. 2

68. The plaintiffs incorporate by reference paragraphs 1 through 67 above, and make them a part hereof.

69. Plaintiff Jane Doe II attempted to intervene to protect her daughter from the hostile environment in the school, the unjustified disciplinary actions taken against her daughter, and the extreme emotional distress her daughter was suffering as a result of the assault and her daughter's fragile mental and emotional state.

70. Defendants Linkenhoker, Bianca, and Brown, as agents of the Trustees of Smith Vocational High School, negligently accused plaintiff Jane Doe II's daughter of initiating the sexual assault and demeaned her daughter's character concerning the incident and her daughter's mistreatment at Smith Vocational High School.

71. The statements of defendant Linkenhoker, Bianca, and Brown were untrue, and constituted extreme and outrageous conduct, which the defendants knew, or should have known, would cause severe emotional distress to plaintiff Jane Doe II.

72. As a result of defendants Linkenhoker, Bianca, and Brown, plaintiff Jane Doe II suffered extreme emotional distress, embarrassment, depression, and other damages.

<u>Count IX: Loss of Consortium - City of Northampton Through the<br>
Board of Trustees of Smith Vocational High School -<br>
M.G.L. c. 258, s. 2</u>

73. The plaintiffs incorporate by reference paragraphs 1 through 72 above, and make them a part hereof.

74. As a direct and proximate result of the negligent conduct of Andrew Linkenhoker, Joseph Bianca, and Kevin Brown, the plaintiff, Jane Doe II, suffered the loss of consortium of her daughter, Jane Doe I.

75. The severe harm caused by the conduct by the defendants towards Jane Doe I resulted in Jane Doe II suffering the loss of support, love, comfort, and companionship of her daughter.

<u>Count X: Defamation - Joseph Bianca, Mary and John Does I-V,<br>
and the City of Northampton Through the<br>
Board of Trustees of Smith Vocational High School</u>

76. The plaintiffs incorporate by reference paragraphs 1 through 75 above, and make them a part hereof.

77. The defendant Bianca and other defendants made slanderous comments regarding the morality of Jane Doe I, allowed statements in her record to include that she had been involved in inappropriate sexual activity, and disseminated those records to another institution.

78. Jane Doe I was 15 years old and was the victim of sexual assault, but was characterized as responsible for the rape which took place on the school bus.

79. As a direct result of the slanderous and libelous comments, Jane Doe I suffered harm to her reputation and was subject to ridicule.

Prayer For Relief

WHEREFORE, the plaintiffs respectfully request judgment in favor of plaintiff Jane Doe I, on Counts I, II, III, IV, V, VI, VII and X, and in favor of plaintiff Jane Doe II on Counts VIII and IX, and that the Court award the plaintiffs their damages, including, but not limited to compensatory damages for emotional distress, physical injuries, medical expenses, loss of consortium, incidental expenses, consequential damages and costs.

    Respectfully Submitted,
    Jane Doe I and Jane Doe II
    By Their Attorneys,

    /s/ Michael Malkovich

    _____

    Stella Xanthakos, Esquire
    BBO No. 536050
    stella@xanthakos-malkovich.net
    Michael Malkovich
    BBO No. 315870
    michael@xanthakos-malkovich.net
    Xanthakos & Malkovich
    43 Center Street - Suite 101
    Northampton, MA 01060
    Tel. (413) 584-2764

JURY DEMAND

The plaintiffs respectfully request a jury trial on all so triable issues.

    /s/ Michael Malkovich

    _____

    Michael Malkovich, Esquire

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 16th day of April, 2019.

                                            /s/ Michael Malkovich