# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 3:19-cv-30027-MGM

| | |
|---|---|
| JANE DOE I AND JANE DOE II,<br>　　Plaintiffs, | )<br>)<br>) |
| vs. | )<br>) |
| CITY OF NORTHAMPTON,<br>ANDREW LINKENHOKER,<br>SUPERINTENDENT, (FORMERLY PRINCIPAL),<br>JOSEPH BIANCA, PRINCIPAL,<br>(FORMERLY ASSISTANT PRINCIPAL),<br>KEVIN BROWN, BRIAN BAGDON,<br>CODY HANLON, MARY DOES and<br>JOHN DOES I-V,<br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MASTROIANNI, D.J.**

## [PROPOSED] CONFIDENTIALITY ORDER

The documents and information produced by the parties voluntarily or in the discovery phase of this action, and as listed below, are subject to this Confidentially Order (the "Confidentiality Order"), the terms of which are set forth below:

1. ***Confidential Material Defined.*** This Confidentiality Order shall apply to all information, documents and things subject to discovery or testimony in this action, which are owned or controlled by a party or any non-party subpoenaed in connection with this action, which contain confidential or otherwise sensitive information.

   The information entitled to designation and treatment as "Confidential Material" under this Confidentiality Order includes: documents pertaining to medical and/or psychological assessment or treatment; documents containing financial information of any kind; documents containing Criminal Record Information ("CORI"); documents relating in any way to criminal proceedings against any party or non-party; documents relating in any way to investigations of allegedly criminal conduct of any party or non-party; any and all documents received from the Massachusetts Department of Children and Families; personnel files, including any subparts to said files; "student records" subject to M.G.L. c. 71, §34D and 603 CMR 23.00, *et seq.*; and "education records" subject to 20 U.S.C. § 1232g and 34 C.F.R. Subtitle A, Part 99.

   The source of such Confidential Material may include disclosures made pursuant to Fed. R. Civ. P. 26, testimony adduced at depositions upon oral examination or upon written

631944

questions pursuant to Fed. R. Civ. P. 30 and 31, answers to interrogatories pursuant to Fed. R. Civ. P. 33, documents obtained or inspected pursuant to Fed. R. Civ. P. 34, responses to requests for admissions pursuant to Fed. R. Civ. P. 36, documents obtained by subpoena pursuant to Fed. R. Civ. P. 45, and information contained in testimony at trial. The term "Confidential Material" shall include all information, documents and things derived from the foregoing, including, but not limited to, originals, copies, summaries and abstracts of the foregoing. The parties may by agreement designate that additional documents be subject to the terms of this Confidentiality Order.

2. ***Designation of Confidential Material.***

   *(a)* Any party may designate information as Confidential Material by (i) marking the document "CONFIDENTIAL," or (ii) identifying, in writing those documents or materials that the party wishes to designate as Confidential Material.

   *(b)* Any party may designate testimony as containing Confidential Material by identifying, in writing by page and line number within fifteen (15) days after the party receives a copy of the transcript containing the testimony, the testimony to be so designated. Until the date of that designation or the expiration of the 15-day period, whichever is later, all testimony shall be treated as Confidential Material. A party may also designate testimony as "CONFIDENTIAL" at the time of the taking of the testimony by so stating the status of the testimony on the record.

3. The Parties shall not disclose any Confidential Material subject to this Confidentiality Order or use any documents and confidential information contained therein for any purpose other than in connection with the preparation for trial and litigation of this case. Furthermore, any Confidential Material filed with the Court shall be filed with a Motion to Impound pursuant to Rule 7.2 of the Local Rules of the District of Massachusetts.

4. Documents and information designated above as Confidential Material may be disclosed to the parties; counsel for the parties in this action who are actively engaged in the conduct of this litigation; persons who are working for counsel to the extent reasonably necessary to render professional services in the litigation; persons with prior knowledge of the Confidential Material or of the information contained therein; to representatives of the parties who are assisting in the conduct of the litigation; and to court officials involved in this litigation, including but not limited to court reporters, stenographers, and special masters. Such documents may also be disclosed to:

   (a)   any person designated by the court in the interest of justice, upon such terms as the court may deem proper;

   (b)   any representative of a party's insurer or reinsurer;

   (c)   outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support

631944

system; and to employees of third-party contactors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed and provided to counsel disclosing the Confidential Material (who shall retain possession of said signatures unless otherwise ordered by the Court) a form containing:

(1) a recital that the signatory has read and understands this Confidentiality Order;

(2) a recital that the signatory understands that unauthorized disclosures of the documents or information designated as Confidential Material may constitute contempt of court;

(3) a recital that the signatory agrees to maintain the Confidential Material in compliance with the Standards for the Protection of Personal Information of Residents of the Commonwealth, 201 CMR 17.00 *et seq.*; and

(4) a statement that the signatory consents to the exercise of personal jurisdiction by the Court in which the above-captioned action is pending.

5. A deponent may, during a deposition, be shown and examine documents or information containing Confidential Material. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 4(c). A deponent who is not a party or a representative of a party shall be informed of this Confidentiality Order before being examined about or asked to review and/or respond to potentially confidential documents.

6. For purposes of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), this Confidentiality Order shall be considered a qualified protective order pursuant to 45 C.F.R. § 164.512(e)(1)(ii)(b) and (v).

7. If another court or an administrative agency subpoenas or orders production of documents that are the subject of this Confidentiality Order, the party(ies) in receipt of such subpoenas shall promptly notify all other parties to the above-captioned of the pendency of such subpoena or order.

8. This Confidentiality Order shall remain in effect after the termination of this action, unless otherwise agreed by the parties or ordered by the Court. Issues related to the presentation at trial of Confidential Material and public access thereto will be addressed as such issues arise, if necessary. Within ninety (90) days after final termination of this action, whether by appeal, judgment, settlement or otherwise, all Confidential Material in the possession of a party shall be returned to the producing party or person or, alternatively and at the request of the producing party, be destroyed. The foregoing notwithstanding, counsel of record for each party may retain one copy of all Confidential Material solely for reference in the event of a dispute over the use or dissemination of information subject to the terms herein established and one copy of all documents that form the official record of this action. Further, upon termination of this action, each party

that has delivered Confidential Material to the Court's chambers shall request their return and, upon their return, shall dispose of them according to the procedures set forth in this paragraph.

9. **Sanctions**.  A party aggrieved under Confidentiality Order may move for such relief as contained in the Federal Rules of Civil Procedure.

Date: _____        _____
MARK G. MASTROIANNI
United States District Court Judge

631944