UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 3:19-cv-30027-MGM

JANE DOE I AND JANE DOE II,
    Plaintiffs,

vs.

CITY OF NORTHAMPTON,
ANDREW LINKENHOKER,
SUPERINTENDENT, (FORMERLY PRINCIPAL),
JOSEPH BIANCA, PRINCIPAL,
(FORMERLY ASSISTANT PRINCIPAL),
KEVIN BROWN, BRIAN BAGDON,
CODY HANLON, AND
MARY DOES AND JOHN DOES I-IV,
    Defendants.

---

### PLAINTIFFS' OPPOSITION TO DEFENDANTS, CITY OF NORTHAMPTON, ANDREW LINKENHOKER, JOSEPH BIANCA, AND KEVIN BROWN'S MOTION FOR A CONFIDENTIALITY ORDER

Now come the plaintiffs, through counsel, and oppose Defendants, City of Northampton, Andrew Linkenhoker, Joseph Bianca, and Kevin Brown's Motion for a Confidentiality Order as follows:

1. This matter involves a 15-year-old girl who was sexually assaulted on a school bus.

2. One of the defendants is the alleged perpetrator.

3. Another defendant is the bus driver, who did not intervene at the time of the sexual assault.

4. The sexual assault victim in this case has very private records related to her emotional and mental health.

5. When the demand was made related to this claim, rather than any acknowledgment that a 15-year-old cannot consent to sexual activity, the response by multiple defense counsel was to blame the victim. This included but is not limited to counsel in Boston representing Smith Vocational High School, the City Solicitor of Northampton, who took "umbrage" with a demand that was made, and repeated comments by Attorney Pelletier refusing to acknowledge the plaintiff as a victim of a crime.

6. The representatives of Smith Vocational High School mistreated Jane Doe II, the mother of Jane Doe I, and made defamatory comments among staff at the high school about her 15-year-old daughter, conveying a negative attitude about Jane Doe I.

7. Staff at Smith Vocational High School, therefore, should have no access to any private records related to Jane Doe I.

8. Northampton is a small, tight-knit community, and the plaintiffs are concerned because employees of Smith Vocational High School have already revealed defamatory information to another school to which Jane Doe I transferred, without any regard for her privacy.

9. Plaintiffs maintain that any counseling or mental health records should be accessible to very limited individuals, and only as strictly needed in the litigation.

10. Plaintiffs' counsel authorized Attorney Pelletier to view records herself, but asked repeatedly for defense counsel to identify others who would view records and/or have access to records,

and no assurances were forthcoming. The plaintiffs agree to the recent suggestion that all copying can and should be done by the Superintendent, without staff at Smith Vocational High School having access to the records.

11. Plaintiffs also have great concerns that any records disclosed to the defendant, who is the alleged perpetrator, be clearly designated as restricted to viewing by the defendant and his counsel, without copies being made available which could arguably be circulated and/or posted on social media.

12. Plaintiffs' counsel is in the process of drafting an appropriate confidentiality agreement and will submit her proposed agreement to the Court before any hearing on this matter.

13. The confidentiality agreement proposed by defense counsel is too broad as it is written. It includes individuals and parties who would have no right to have access to very sensitive and confidential information about Jane Doe I.

14. Specifically, e.g., under paragraph 2(b)(4), "…persons with prior knowledge of the Confidential Material or of the information contained therein…" would include individuals and/or entities who have already received inappropriate defamatory information about Jane Doe I. By way of example, Smith Vocational High School forwarded libelous statements to the plaintiff's new high school when she transferred.

WHEREFORE, the Plaintiffs respectfully request that the Defendants' Motion For A Confidentiality Order as written be denied and that plaintiffs' counsel be given additional time to submit a revised confidentiality order.

Respectfully Submitted,

JANE DOE I and JANE DOE II,
By Their Attorneys,

_____
Stella Xanthakos, Esq. (BBO No. 536050)
Michael Malkovich, Esq. (BBO No. 315870)
Xanthakos & Malkovich
43 Center Street – Suite 101
Northampton, MA 01060
Tel. (413) 584-2764

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) and paper copies will be sent to the those indicated as non-registered participants on this 1st day of June 2019.

Brian Bagdon                        Cody Hanlon
23 Bull Hill Road                   5 Bofat Hill Road
Sunderland, MA 01375                Williamsburg, MA 01096

/s/ Michael Malkovich_____
Michael Malkovich, Esq.