UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE I and JANE DOE II,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF NORTHAMPTON,<br>ANDREW LINKENHOKER,<br>JOSEPH BIANCA, KEVIN BROWN,<br>BRIAN BAGDON, CODY HANLON, and<br>MARY DOES and JOHN DOES I-IV,<br><br>    Defendants. | Civil Action No. 19-30027 |

CONFIDENTIALITY ORDER

July 12, 2019

MASTROIANNI, U.S.D.J

　　　　Pursuant to the hearing on July 11, 2019, the court enters the following confidentiality order governing the initial exchange of confidential materials between Plaintiffs Jane Doe I and Jane Doe II (together, "Plaintiffs") and Defendants City of Northampton, Andrew Linkenhoker, Joseph Bianca, and Kevin Brown (together, "Represented Defendants"). This order may be subject to future modification as the case progresses.

　　　　1.　　Counsel for Plaintiffs and counsel for the Represented Defendants each have certain confidential records ("Confidential Materials") in their possession, custody, and control. Counsel for Plaintiff and counsel for the Represented Defendants shall meet and make the records in their possession available to each other for review and copying.

　　　　2.　　Counsel may disclose the Confidential Materials to staff in their respective offices only to the extent necessary to conduct this litigation. Staff may not disclose to or discuss the

contents of any Confidential Material with anyone not specifically authorized by this Order to access the Confidential Materials or their contents.

3. The Represented Defendants may review the Confidential Materials only in the confines of their counsel's offices.

4. The Represented Defendants may not make copies of, photograph, or otherwise reproduce the Confidential Materials.

5. The Represented Defendants may not discuss the contents of any Confidential Material with anyone—orally, in writing, and/or electronically—except counsel and staff authorized in Paragraph 2.

6. Counsel for the Represented Defendants may disclose the contents of Confidential Materials to the claim representative from the Massachusetts Interlocal Insurance Association assigned to this case ("MIIA Claim Representative") to the extent necessary to conduct this litigation. The MIIA Claim Representative may not view or have access to any Confidential Material.

7. Defendants Cody Hanlon and Brian Bagdon (together, "Pro Se Defendants") may not view or have access to any Confidential Material. Plaintiffs, the Represented Defendants, and their respective counsel may not discuss the contents of any Confidential Material with either Pro Se Defendant.

8. Counsel for Plaintiffs and counsel for the Represented Defendants shall confer about the process for reviewing, collecting, and transmitting records currently in the possession, custody, or control of Smith Vocational High School. No Defendant in this case may review, collect, and transmit records from Smith Vocational High School.

9. A status conference is set for **August 1, 2019 at 2:00 p.m.** regarding two issues:

   a. the process for reviewing, collecting, and transmitting Smith Vocational High School's records, and

      b. the process for Defendant Hanlon to review Confidential Materials.

10. If Plaintiffs and the Represented Defendants reach an agreement about the process for reviewing, collecting, and transmitting Smith Vocational High School's records, they shall file a status report explaining their agreement by **2:00 p.m. on July 31, 2019**. Depending on the parties' agreement, the court may cancel the status conference as to the process for reviewing, collecting, and transmitting Smith Vocational High School's records. If Plaintiffs and the Represented Defendants do not agree, they need not file a status report, but their counsel must appear at the status conference.

11. Regardless of whether Plaintiffs and the Represented Defendants agree about the topics in Paragraph 10, the status conference will go forward on August 1 regarding the process for Defendant Hanlon to review Confidential Materials.

It is So Ordered.

                                    /s/ Mark G. Mastroianni
                                    Mark G. Mastroianni
                                    UNITED STATES DISTRICT JUDGE